IN THE COMMONWEALTH COURT OF PENNSYLVANIA

James Capinski,                          :
                    Appellant           :
                                        :
            v.                          :    No. 1968 C.D. 2015
                                        :    Argued: September 13, 2016
Upper Pottsgrove Township               :

BEFORE:     HONORABLE MARY HANNAH LEAVITT, President Judge
            HONORABLE P. KEVIN BROBSON, Judge (P)
            HONORABLE ANNE E. COVEY, Judge

OPINION
BY PRESIDENT JUDGE LEAVITT                        FILED: June 14, 2017

James Capinski appeals the order of the Court of Common Pleas of Montgomery County (trial court) denying his petition to compel compliance with two final determinations of the Office of Open Records directing Upper Pottsgrove Township to produce public records requested by Capinski. The trial court denied the petition because it concluded that the Township had provided Capinski with all the responsive public records in its possession and control. The Township agrees with the trial court's conclusion but also argues that the trial court lacked jurisdiction to entertain Capinski's petition. For the reasons that follow, we affirm.

On July 1, 2014, Capinski, using the Township's "Record Request Form," requested the production of documents under authority of the Right-to-Know Law.[1] Capinski submitted two requests for information about an "Escrow for Highview Lane." The first request, which attached a 1966 settlement between the Township and the Aetna Casualty and Surety Company and a 1973 settlement between the Township and Paul F. Mauer, Jr., stated as follows:

Documents and records for:

_____

[1] Act of February 14, 2008, P.L. 6, 65 P.S. §§67.101-67.3104.

A) Collection and deposit of escrow from Penwood Agency

B) Use of escrow from Penwood Agency

C) Current status of escrow from Penwood Agency

Reproduced Record at 80 (R.R.__).  Capinski's second request, which attached the Township's complaint against the Aetna Casualty and Surety Company, stated as follows:

Documents and records for:

A) Collection and deposit of escrow from Paul F. Mauer, Jr.

B) Use of escrow from Paul F. Mauer, Jr.

C) Current status of escrow from Paul F. Mauer, Jr.

R.R. 98.  On July 25, 2014, the Township wrote to Capinski explaining that it had searched its records and found no responsive documents in its possession.  On August 6, 2014, Capinski appealed to the Office of Open Records.

On September 30, 2014, the Office of Open Records issued two final determinations sustaining Capinski's appeal.  The final determinations directed the Township to conduct a search for responsive public records from third parties that may hold these records on behalf of the Township.  The Office of Open Records explained:

> *Based on the materials provided, the Township has established that no responsive records exist in its possession.*
>
> The finding that the Township does not possess responsive records, however, does not end the inquiry, as an agency is required to provide public records within its "possession, custody or control."  *See* [Section 901 of the Right-to-Know Law,] 65 P.S. §67.901; *see also* [Section 506(d)(1) of the Right-to-Know Law,] 65 P.S. §67.506(d)(1) (requiring agencies to provide records in the hands of third party contractors) …

2

> [Accordingly], [t]he Township is required under the [Right-to-Know Law] to obtain any responsive records, if any exist, *from its banking institution and provide them to [Capinski]*.

Final Determination of Office of Open Records at 5-6; R.R. 51-52 (emphasis added). Neither Capinski nor the Township appealed the final determination.

On January 21, 2015, Capinski filed "a Petition to Enforce the Office of Open Records' Determinations" pursuant to Section 1302 of the Right-to-Know Law. The petition sought the Township's production of public records in accordance with the final determinations, attorney fees and civil penalties. On August 19, 2015, the trial court conducted an evidentiary hearing on Capinski's petition.

Carol Lewis, the Township's Manager and Open Records Officer, testified about her search for the requested records. She explained that Capinski and the Township had been engaged in litigation, in the course of which the Township provided numerous documents to Capinski. After verifying with the Township's attorney the list of documents Capinski had been given, Lewis then searched for documents Capinski did not have, *i.e.*, documents from third party financial institutions. She described her search for these records as follows:

> [Counsel for the Township]: What was your understanding of what Mr. Capinski was seeking to obtain through the Right-to-Know requests that were submitted ...?
>
> [Lewis]: Bank records pertaining to the two escrows which would include cancelled checks, statements, receipts, things of that sort.
>
> [Counsel for the Township]: Did you try to find those records?
>
> [Lewis]: I did.
>
> [Counsel for the Township]: What was the result of your effort?

3

[Lewis]: I found nothing at the Township building.

\* \* \*

[Lewis]: I didn't expect to find the records, although I did look, because most Townships follow the document destruction put forth by the Historical Museum Commission, and I know our Township also follows that. That outlines that most financial records -- all financial records are destroyed, are only kept for seven years.

R.R. 122-23. On cross-examination, Lewis conceded that Capinski's Right-to-Know requests did not use the term "financial records."

Lewis further testified about her search method for responsive public records held by third parties, as directed in the final determinations of the Office of Open Records:

I researched through the minutes[2] to find out what depositories the Township used at that time. And then, from there, I researched where those banks are today. I found out that both banks had been taken over in the '70s by different depositories. And then, after that, I lost track of who took over from there.

So, therefore, I went and I talked to our current depository, which is Fulton Bank, to find out what best practices are in banking institutions, what happens to records once another bank takes them over.

R.R. 129-30. Based on this investigation, Lewis concluded that "the documents no longer exist." R.R. 130. Lewis relayed this conclusion to the Office of Open Records in letters dated October 29, 2014, and October 31, 2014.

---

[2] Lewis used Township minutes to establish the year in which the transactions at issue in Capinski's request took place. Capinski complains that Lewis failed to produce the minutes in response to his original request, but Capinski did not request minutes.

4

On September 21, 2015, the trial court denied Capinski's petition. In its opinion of November 5, 2015, the trial court explained its order as follows:

> [T]his Court notes that the Office of Open Records found that the Township did not *actually* possess any records responsive to Petitioner[']s Requests. Instead, the Final Determinations required the Township to provide records responsive to the Requests that were maintained by its financial institutions. Thus, in order to be noncompliant with the Final Determinations, the Township must have withheld documents responsive to the Requests that were held by its financial institutions.
>
> * * *
>
> This Court found the testimony of the Township Manager to be credible and further found that the Township acted in good faith. Based on the evidence presented, it is clear to this Court that the records request[ed] are not in the constructive possession of the Township. That is, no financial institution with which the Township has a contractual relationship has any document responsive to the Requests. The Office of Open Records' Final Determinations cannot be interpreted to demand performance of an impossible task. Accordingly, this Court found that the Township complied with the September 30, 2014 Final Determinations of the Office of Open Records, and denied the Petition.

Trial Court op. at 2-4 (emphasis in original).[3] Capinski appealed the trial court's denial of his request for relief to this Court.

On appeal,[4] Capinski contends that the trial court erred. He argues that Carol Lewis's own testimony demonstrated that the Township did not comply

---

[3] The Township challenged the trial court's jurisdiction to conduct an enforcement proceeding. The trial court rejected the Township's argument without explanation.

[4] Our review considers whether the trial court's findings of fact are supported by substantial evidence or whether the trial court committed an error of law or abused its discretion. *Allegheny*
**(Footnote continued on the next page . . . )**

5

with the final determinations because she conceded that she did not produce documents that the Township had previously provided to him in litigation. The Township responds in two ways. First, the Township argues that this Court lacks jurisdiction over Capinski's appeal because the Right-to-Know Law did not authorize the trial court to conduct proceedings to enforce the final determinations of the Office of Open Records. Even assuming, *arguendo*, that Section 1302(a) of the Right-to-Know Law contemplated Capinski's "petition to enforce," he did not satisfy the procedural requirements for a Section 1302(a) petition for review, thereby depriving the trial court of jurisdiction. Second, the Township argues that the trial court's holding that it fully complied with the Office of Open Records' final determinations is unassailable.

We begin with a review of Section 1302(a) of the Right-to-Know Law. It states:

> (a)  General rule.--*Within 30 days of the mailing date of the final determination* of the appeals officer relating to a decision of a local agency issued under section 1101(b) or of the date a request for access is deemed denied, *a requester or local agency may file a petition for review or other document* as required by rule of court with the court of common pleas for the county where the local agency is located. The decision of the court shall contain findings of fact and conclusions of law based upon the evidence as a whole. The decision shall clearly and concisely explain the rationale for the decision.

65 P.S. §67.1302(a) (emphasis added). Section 1302 authorizes judicial review of the merits of a final determination. However, as noted by the Township, Section

---

**(continued . . . )**
*County Department of Administrative Services v. Parsons*, 61 A.3d 336, 342 (Pa. Cmwlth. 2013). Our standard of review on findings of fact is deferential but *de novo* on issues of law. *McConville v. City of Philadelphia*, 80 A.3d 836, 842 (Pa. Cmwlth. 2013).

1302(a) says nothing about the enforcement of a final determination. Capinski rejoins that his petition to enforce is the "other document" authorized in Section 1302(a).

Section 1302(a) directs that an appeal of the merits of a final determination of the Office of Open Records be done by the filing of a "petition for review." 65 P.S. §67.1302(a). Section 1302(a) also recognizes that local rules may provide for a different, but equally appropriate, application for seeking review of the merits of a final determination of the Office of Open Records. Accordingly, the appellant may file the "*other document as required by rule of court* with the court of common pleas where the local agency is located." 65 P.S. §67.1302(a) (emphasis added).

A Section 1302(a) petition must be filed within 30 days of the final determination. In addition, the Section 1302(a) petition must satisfy certain notice requirements set forth in Section 1303(a), which states as follows:

> Notice.--An agency, the requester and the Office of Open Records or designated appeals officer shall be served notice of actions commenced in accordance with section 1301 or 1302 and shall have an opportunity to respond in accordance with applicable court rules.

65 P.S. §67.1303(a).

The Township argues that Capinski's petition to enforce was not authorized by Section 1302(a) of the Right-to-Know Law. However, even accepting Capinski's contention that his petition was authorized by Section 1302(a), it must be dismissed because it did not satisfy the threshold requirements. Capinski did not satisfy the 30-day statute of limitations because his petition to enforce was filed on January 21, 2015, approximately three and a half months after the Office of Open Records issued its final determinations. 65 P.S. §1302(a).

7

Further, Capinski did not serve notice of his petition upon the Office of Open Records, as required by Section 1303(a).

We agree with the Township that were Capinski correct that his petition to enforce is a filing contemplated by Section 1302(a) as an "other document," we would be forced to dismiss his appeal on jurisdictional grounds. Capinski's petition was not filed within 30 days of the issuance of the final determination nor was it properly served. However, Capinski is not correct. His petition to enforce is not a species of action contemplated by Section 1302(a), which authorizes only the review of the merits of a final determination, not its enforcement. Indeed, it would be absurd to require the commencement of an enforcement proceeding before completion of the 30-day appeal period.

On the other hand, we also reject the Township's central argument that a final determination of the Office of Open Records on a request for documents from a local agency is not capable of enforcement in a court of common pleas. Under that view, the final determination would constitute no more than an advisory opinion. A requester's ability to obtain the public record determined to be disclosable by the Office of Open Records would be wholly dependent on the good will of the government agency with possession or control of the public record.

Generally, the absence of a statutory remedy allows for the use of common law remedies. *Willcox v. Penn Mutual Life Insurance Company*, 55 A.2d 521, 530-31 (Pa. 1947) ("where there is a right[,] there is a remedy."). A writ of mandamus compels the government's performance of a ministerial and mandatory duty where there is a clear legal right in the plaintiff and a lack of any other

8

adequate and appropriate remedy at law. *Delaware River Port Authority v. Thornburgh*, 493 A.2d 1351, 1355 (Pa. 1985).[5] Mandamus fits here.

The Right-to-Know Law imposes a mandatory and ministerial duty upon a government agency to provide public records to a requester. Where there has been a final determination of the Office of Open Records that the requested records are disclosable, then the requester has established a clear right to have the agency produce those public records. The requester lacks another adequate and appropriate remedy because the Right-to-Know Law does not provide one. Here, Capinski has satisfied all the requirements for a writ of mandamus: the Township has a mandatory duty to produce public records; the final determinations established Capinski's clear legal right to the record production; and Capinski has no other remedy at law by which to secure them.

The concurring opinion asserts that mandamus is not the vehicle for seeking the government's compliance with its statutory duty to produce public records in accordance with a final determination of the Office of Open Records. It contends that Capinski's petition to enforce was the correct species of action. This proposition has been directly and thoroughly addressed in a single reported opinion: *Ledcke v. County of Lackawanna*, 28 Pa. D. & C. 5th 34, 2013 WL 504447 (2013) (authored by Judge Terrence R. Nealon). Further, until the instant appeal, *Ledcke* appears to be the only case where the jurisdiction of a court of

---

[5] The governmental duty to act usually derives from a statute or ordinance. However, mandamus has been used to enforce an arbitration award. *See, e.g., Guthrie v. Borough of Wilkinsburg*, 499 A.2d 570 (Pa. 1985). Likewise, mandamus has been used to enforce an order of a state agency. *See City of Pittsburgh v. Pennsylvania Department of Transportation*, 416 A.2d 461 (Pa. 1980) (City of Pittsburgh filed mandamus action in Commonwealth Court to enforce order of Public Utility Commission on allocation of funding for bridge demolition).

common pleas to hear a "petition to enforce" a final determination of the Office of Open Records has been a direct issue.

In *Ledcke*, the Court of Common Pleas of Lackawanna County considered whether a "petition to enforce" was the appropriate vehicle "to enforce the OOR's decision and to secure the requested public records." *Ledcke*, 2013 WL 504447, at *4. It noted that Ledcke's "petition to enforce" was the form of action chosen by other *pro se* inmates seeking enforcement of final determinations. *Id.* at *4 n.5.[6] After a thorough jurisdictional analysis, the court concluded that a petition to enforce could not be used as "a substitute for original process in initiating a civil action in compliance with Pa. R.C.P. 1007."[7] *Id.* at *4. In support, the court observed that our Supreme Court requires a "petition" to be grounded in either statute or court rule:

> Even on the civil side of our courts, an action brought by petition and rule, neither authorized by statute nor auxiliary to jurisdiction already obtained and not designed to correct the court's own records, is a nullity and confers no jurisdiction on the court.

*Id.* (quoting *In re Casale*, 517 A.2d 1260, 1263 (Pa. 1986)). Unless authorized by statute or court rule, a petition or rule must be dismissed as a nullity. *In re Correction of Official Records with Civil Action*, 404 A.2d 741, 742-43 (Pa.

---

[6] *Ledcke* refers to Byerly & Schnee, *What Every Lawyer Needs to Know About the Right-To-Know Law*, 83 Pa. B.A.Q. 116, 127 (July 2012), which addressed, briefly, enforcement of final determinations. It cited *Thomas v. Wolgemuth and Lebanon County Right To Know Office*, No. 2012-00063 (Leb. Com. Pl. April 10, 2012), where a trial court granted a *pro se* inmate's "motion to enforce" the OOR's final determination. Byerly & Schnee, 83 Pa. B.A.Q. at 127 n. 120. The authors observed an action in mandamus has also been the vehicle for requiring a government agency's compliance with a final determination.

[7] Under Pennsylvania Rule of Civil Procedure 1007, a civil action may be commenced by filing: "(1) a praecipe for a writ of summons, or (2) a complaint." Pa. R.C.P. No. 1007.

Cmwlth. 1979). The Lackawanna County Court of Common Pleas concluded that the appropriate way to compel the production of a local agency's public records is by a complaint in mandamus. We are persuaded by the court's scholarly analysis and conclusion.[8]

To support its contrary conclusion that Capinski's petition to enforce, not mandamus, was the proper vehicle, the concurrence cites *Uniontown Newspapers v. Department of Corrections*, 151 A.3d 1196 (Pa. Cmwlth. 2016). The issue in *Uniontown* was whether the government agency had complied with a final determination of the Office of Open Records. The requester's form of action, which was styled as a "petition for review" addressed to this Court's original and appellate jurisdiction, was not an issue in the case.[9] As an aside, the panel in *Uniontown* observed that a requester

> may seek enforcement of OOR's [Office of Open Records] Disclosure Order through a petition to enforce. *See, e.g., [Department] of Aging v. Lindberg*, 503 Pa. 423, 469 A.2d 1012 (1983) (a party other than issuing agency may seek enforcement of agency's order).

*Id.* at 1203. *Uniontown* does not support the position of the concurrence.

---

[8] A subsequent article in the Pennsylvania Bar Association Quarterly characterized Judge Nealon's opinion in *Ledcke* as a "much needed roadmap" for requesters seeking agency compliance with a final determination. Staudenmaier & Bonn, *Right-To-Know Law – Judicial and Legislative Developments*, 86 Pa. B.A.Q. 115, 120-121 (July 2015). The authors noted the desirability of an appellate ruling on the issue or a legislative amendment to the Right-to-Know Law that provides a statutory remedy for enforcement. This case provides the appellate decision sought by the authors.

[9] Although citing Section 1301(a) of the Right-to-Know Law in its jurisdictional statement, the petition for review in *Uniontown* did not seek review of the final determination on the merits. Rather, it invoked this Court's original jurisdiction to seek enforcement of the final determination. Additionally, the petition sought reimbursement of attorney fees and the imposition of civil penalties. *See* Sections 1304 and 1305 of the Right-to-Know Law, 65 P.S. §§67.1304, 67.1305.

11

The *Uniontown* discussion on how to style an action where the requester seeks to have a government agency produce public records was *dicta* because the form of action to file was not an issue in the case, as it was in *Ledcke*. Although *Uniontown* cites *Pennsylvania Department of Aging v. Lindberg,* 469 A.2d 1012 (Pa. 1983) for the proposition that a party "other than the issuing agency" may seek enforcement of an agency order, this reference to *Lindberg* omits the essential fact that the agency order in question had been reviewed and affirmed by this Court pursuant to the exercise of its appellate jurisdiction.[10] It was to this Court's prior order that our "ancillary jurisdiction" attached.

To be sure, our Supreme Court went one step beyond *Lindberg* in *Pennsylvania Human Relations Commission v. Scranton School District*, 507 A.2d 369 (Pa. 1986). In that case, with sharp disagreements among the justices, our Supreme Court held that where a government agency seeks to enforce its order, it may do so in a proceeding addressed to this Court's appellate jurisdiction, even though there has never been an appeal of the agency order to this Court. The particulars of this species of proceeding has been established in Pennsylvania Rule of Appellate Procedure 3761.[11] Notably, Rule 3761 provides no assistance to a

---

[10] Notably, *Uniontown* characterized the final determination of the Office of Open Records as a "Disclosure Order." *Uniontown*, 151 A.3d at 1203. However, the Right-to-Know Law does not authorize the issuance of "orders" but, rather, "final determinations." Section 1101(b) of the Right-to-Know Law, 65 P.S. §67.1101(b). A final determination is akin to a declaratory judgment and not a final order as that term is used in the Administrative Agency Law, 2 Pa. C.S. §§501-508, 701-704. The final determination issued to Capinski nowhere uses the word "order."

[11] It states:

> Rule 3761. Enforcement Proceedings
>
> (a) Petition. *When a government unit seeks to enforce an order issued under a statute which it administers*, it may initiate the proceedings by filing a petition to enforce.

**(Footnote continued on the next page . . . )**

12

private party seeking to enforce an agency's order. Rule 3761 may be employed only by the "government unit [that] seeks to enforce an order issued under a statute which it administers…." Pa. R.A.P. 3761.

In any case, this Court did not state in *Uniontown* that a mandamus action is the wrong vehicle for seeking compliance with a final determination. To the contrary, we observed that "we may grant relief in the nature of mandamus in our ancillary jurisdiction." *Uniontown*, 151 A.3d at 1202 n.5.[12] Indeed, mandamus

---

**(continued . . . )**

> (b) Service. The petitioner shall serve the petition and order in the manner prescribed by the Pennsylvania Rules of Civil Procedure for service of original process and shall file the return or certificate of service prescribed by the same rules.
>
> (c) Hearing and notice. Upon the filing of a petition to enforce, the court will issue an order setting a date for a hearing and a date by which the respondent must answer the petition. The petitioner shall serve the court's order upon the respondent in the manner prescribed by Pa. R.A.P. 121 and 122.
>
> (d) Relief. Following the hearing, the court will enter such orders as may be appropriate.
>
> (e) Discovery. Discovery shall be allowed only upon leave of court.

Pa. R.A.P. 3761 (emphasis added). The note explains that this rule implements the Supreme Court's analysis in *Pennsylvania Human Relations Commission v. School District of Philadelphia*, 732 A.2d 578 (Pa. 1999), as confirmed in *Department of Environmental Protection v. Township of Cromwell*, 32 A.3d 639 (Pa. 2012). The note further explains that "absent Pa. R.A.P. 3761, there would be no clear method of presenting enforcement actions to the Commonwealth Court."

This rule applies "[w]hen a government unit seeks to enforce an order issued under a statute which it administers[.]" Pa. R.A.P. 3761(a). Rule 3761 cannot be invoked where a private party seeks to enforce a government order. Only the agency that issued the order may use Rule 3761.

In short, Rule 3761 is irrelevant to matters arising from the Right-to-Know Law. The Office of Open Records does not have enforcement powers, and it issues "determinations" not "orders." A final determination is more in the nature of a declaratory judgment.

[12] *Uniontown*'s reference to "our ancillary jurisdiction" is not clear. An action in mandamus is addressed to this Court's original jurisdiction. *Uniontown* cites *Avis Rent A Car System, Inc. v. Department of State, State Board of Vehicle Manufacturers' Dealers and Salespersons*, 507 A.2d

**(Footnote continued on the next page . . . )**

13

has been the vehicle used where a private party seeks to compel a government agency to comply with its duty under the Right-to-Know Law to provide documents deemed public and disclosable in a final determination. *See Wishnefsky v. Pennsylvania Department of Corrections*, (Pa. Cmwlth., No. 582 M.D. 2014, filed July 8, 2015); *Crockett v. Southeastern Pennsylvania Transportation Authority*, (Pa. Cmwlth., No. 2295 C.D. 2011, filed September 11, 2012).

In *Wishnefsky*, the petitioner filed a mandamus action to enforce a final determination of the Office of Open Records that prison commissary sales reports were public records. This Court overruled the Department of Corrections' demurrer to the inmate's action. We held that the mandamus petition stated a claim and reiterated that "[m]andamus is not available to establish legal rights, but is appropriate only to enforce rights that have been established." *Wishnefsky*, slip op. at 5 (quoting *Wilson v. Pennsylvania Board of Probation and Parole*, 942 A.2d 270, 272 (Pa. Cmwlth. 2008)). Stated otherwise, an action in mandamus is not available to usurp the jurisdiction of the Office of Open Records to resolve a dispute about whether a public record is subject to disclosure. It is available, however, once a party's right to the record has been established through a final determination.

In sum, mandamus is the action to file where the requester has not appealed the final determination to a court for a merits review and seeks

---

**(continued . . . )**
893 (Pa. Cmwlth. 1986), where this Court transferred a petition for review in the nature of an action in mandamus to the State Board. *Uniontown*, 151 A.3d at 1202 n.5. *Avis* stands for the proposition that a mandamus action is barred, as it always is, where there is an administrative remedy prescribed by statute and the outcome can be appealed to this Court. *See also Highway Paving Company v. State Board of Arbitration of Claims*, 180 A.2d 896 (Pa. 1962) ("Appellant's attempt to resort to mandamus is merely a veiled substitute for an appeal and is, therefore, improper.").

compliance with a final determination of the Office of Open Records. *Uniontown* did not otherwise hold.

Here, neither party appealed the final determinations of the Office of Open Records. Had either party done so, enforcement could have been presented to the court deciding the appeal. Where a trial court has decided an appeal of a final determination of the Office of Open Records, it may enforce its order as a matter of pendant jurisdiction. *Staub v. City of Wilkes-Barre*, (Pa. Cmwlth., No. 2140 C.D. 2012, filed October 3, 2013). Likewise, the Commonwealth Court may enforce its order as a matter of ancillary jurisdiction whenever it hears an appeal of an agency's adjudication. *Lindberg*, 469 A.2d 1012. Neither scenario is presented here.

We turn to the Township's contention that the trial court lacked jurisdiction over Capinski's invalid and untimely "petition to enforce." Section 5522(b) of the Judicial Code provides a six-month statute of limitations for actions sounding in mandamus. It states:

> (b) Commencement of action required.--The following actions and proceedings must be commenced within six months:
>
> > (1) An action against any officer of any government unit for anything done in the execution of his office….

42 Pa. C.S. §5522(b)(1). *See also Fleming v. Rockwell*, 500 A.2d 517, 519 (Pa. Cmwlth. 1985) (dismissing petition for review in the nature of a mandamus action not filed within six months of the official's duty to act). Here, Capinski filed his "petition to enforce" well within six months of the issuance of the final determination by the Office of Open Records.

For purposes of this appeal, we will treat Capinski's petition to enforce as a mandamus action because it pleads the essential factual prerequisites

15

of mandamus.[13]  We reject the Township's contention that Capinski's petition was untimely because it was filed within the six-month statute of limitations in the Judicial Code.  However, we conclude that his petition fails on the merits.

In its final determination, the Office of Open Records held that "the Township has established that no responsive records exist in its possession."  Final Determination at 5; R.R. 51.  Capinski did not appeal this determination.  To the extent his "petition to enforce" was intended to appeal the merits of that determination, it was filed too late and did not satisfy the notice requirements.  The final determinations of the Office of Open Records are final and binding.

The Office of Open Records concluded that the Township had constructive possession of documents *held by the Township's financial institutions*.  Carol Lewis's testimony established that those documents, which at one time were in the possession of third party financial institutions, no longer exist.  The trial court credited her testimony and found that the Township had fully complied with the Final Determination's requirement "to obtain any responsive records, if any exist, from its banking institution…."  Final Determination at 6; R.R. 52.  The Township performed a good faith search and learned that the records did not exist. *Moore v. Office of Open Records*, 992 A.2d 907, 909 (Pa. Cmwlth. 2010) (an agency cannot be required to grant access to a record that does not exist).

Because the Township established that the requested records do not exist, the trial court held that the Township complied with its duties under the

---

[13] By treating Capinski's petition to enforce as a mandamus pleading, we have concrete answers to basic questions such as statute of limitations and service.  Such guidance for the so-called petition to enforce a final determination does not exist.

16

Right-to-Know Law as determined by the Office of Open Records. We discern no error to this determination.[14]

_____
MARY HANNAH LEAVITT, President Judge

---

[14] Capinski's petition requested the imposition of attorney fees and civil penalties pursuant to Sections 1304 and 1305 of the Right-to-Know Law. Section 1304 states:

> (a) Reversal of agency determination.—If a court reverses the final determination of the appeals officer or grants access to a record after a request for access was deemed denied, the court may award reasonable attorney fees and costs of litigation or an appropriate portion thereof to a requester if the court finds either of the following:
>
> > (1) the agency receiving the original request willfully or with wanton disregard deprived the requester of access to a public record subject to access or otherwise acted in bad faith under the provisions of this act; or
> >
> > (2) the exemptions, exclusions or defenses asserted by the agency in its final determination were not based on a reasonable interpretation of the law.
>
> (b) Sanction for frivolous requests or appeals.—The court may award reasonable attorney fees and costs of litigation or an appropriate portion thereof to an agency or the requester if the court finds that the legal challenge under this chapter was frivolous.

65 P.S. §67.1304.

The trigger for the Section 1304 sanctions is a court's reversal of the government agency's decision not to provide records. Section 1305(a) states: "[a] court may impose a civil penalty of not more than $1,500 if an agency denied access to a public record in bad faith." 65 P.S. §67.1305(a).

Here, the trial court did not reverse a decision of the Township's appeals officer. Further, the trial court determined that the Township did not act in bad faith but, rather, complied with the final determination. Because we affirm the trial court, Capinski is not entitled to sanctions or a recovery of reasonable attorney fees and costs.

17

IN THE COMMONWEALTH COURT OF PENNSYLVANIA

James Capinski,                    :
                Appellant          :
                                   :
        v.                         :    No. 1968 C.D. 2015
                                   :
Upper Pottsgrove Township          :

# **O R D E R**

AND NOW, this 14th day of June, 2017, the order of the Court of Common Pleas of Montgomery County, dated September 21, 2015, in the above-captioned matter is AFFIRMED.

_____
MARY HANNAH LEAVITT, President Judge

James Capinski, :
                Appellant :
                 :
      v. : No. 1968 C.D. 2015
                 : Argued: September 13, 2016
Upper Pottsgrove Township :


BEFORE: HONORABLE MARY HANNAH LEAVITT, President Judge
             HONORABLE P. KEVIN BROBSON, Judge (P)
             HONORABLE ANNE E. COVEY, Judge


CONCURRING OPINION
BY JUDGE BROBSON               FILED: June 14, 2017


      With respect to the majority's decision to affirm the September 21, 2015 Order of the Court of Common Pleas of Montgomery County (common pleas), denying the Petition to Enforce Office of Open Records' Final Determinations ("Petition to Enforce") of Appellant John Capinski (Capinski), I join. I write separately, however, because the majority's holding that an original jurisdiction action in mandamus (or, alternatively, for injunctive relief) is the appropriate vehicle to seek enforcement of a government agency determination is in conflict with the Pennsylvania Supreme Court's decision in *Pennsylvania Human Relations Commission v. Scranton School District*, 507 A.2d 369 (Pa. 1986) (*Scranton S.D.*).

      The form of an action is significant for purposes of appellate review. Although this matter originated as a mandamus action before a court of common pleas, actions seeking to enforce government agency determinations are often filed in this Court as well. There is no doubt that a common law action in mandamus

filed with this Court meets the definition of a matter "originally commenced in the Commonwealth Court," and that this Court's decisions in mandamus actions are appealable under Section 723(a) of the Judicial Code as a matter of right. *See Pa. Dental Ass'n v. Ins. Dep't*, 516 A.2d 647, 651 (Pa. 1986) ("Appellant appealed to this Court, *as of right*, Commonwealth Court's denial of Appellant's request for a *writ of mandamus*. This Court has mandatory appellate jurisdiction with respect to this determination under 42 Pa. C.S. § 723(a) relating to appeals from final orders of Commonwealth Court in matters commenced under that Court's original jurisdiction." (Emphasis added.)). In *Scranton S.D.*, however, which followed the Pennsylvania Supreme Court's plurality decision in *Pennsylvania Department of Aging v. Lindberg*, 469 A.2d 1012 (Pa. 1983) (plurality), our Supreme Court held that the petition to enforce an agency decision should *not* be considered a matter "originally commenced in the Commonwealth Court," triggering a right of appeal to the Supreme Court under 42 Pa. C.S. § 723(a). Instead, the Supreme Court held that appeals from this Court's decisions on enforcement petitions are by allowance under 42 Pa. C.S. § 724(a).

The majority's treatment of the Petition to Enforce as a common law action in mandamus invites confusion, particularly should some future party, following the majority's holding, file an action in mandamus in this Court, seeking enforcement of an Office of Open Records' decision relating to a Commonwealth agency. It also conflicts with a recent reported panel decision of this Court in *Uniontown Newspapers, Inc. v. Pennsylvania Department of Corrections*, 151 A.3d 1196 (Pa. Cmwlth. 2016), which the majority eschews in favor of a nonbinding reported decision of the Court of Common Pleas of Lackawanna County. It is simply unnecessary, in light of the Supreme Court's decision in

*Scranton S.D.* and this Court's decision in *Uniontown Newspapers*, to characterize a petition to enforce an agency determination as anything other than, or more than, what its name already captures.

_____
P. KEVIN BROBSON, Judge
