IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Amy McFalls,                                    :
                    Appellant                   :
                                                :
          v.                                    :
                                                :    No. 737 C.D. 2021
Municipality of Norristown                      :    Submitted:  January 21, 2022


BEFORE:    HONORABLE PATRICIA A. McCULLOUGH, Judge
           HONORABLE CHRISTINE FIZZANO CANNON, Judge
           HONORABLE LORI A. DUMAS, Judge


OPINION NOT REPORTED

MEMORANDUM OPINION
BY JUDGE FIZZANO CANNON              FILED:  May 17, 2022


          Amy McFalls (McFalls) appeals *pro se* from the January 27, 2021 order
(Order) of the Court of Common Pleas of Montgomery County (trial court) that
granted the "Municipality of Norristown's Motion for Summary Judgment"
(Summary Judgment Motion) and dismissed McFalls' "Petition for Attorney[] Fees,
Civil Sanctions and Release of Records As Appropriate" (Petition).  Upon review,
we affirm in part, vacate in part, and remand for further proceedings.

          On May 24, 2019, pursuant to the Right-to-Know Law (RTKL),[1]
McFalls requested documents from the Municipality of Norristown (Norristown)
related to a March 22, 2018 incident (March 2018 incident) involving herself and

_____

[1] Act of February 14, 2008, P.L. 6, 65 P.S. §§ 67.101-67.3104.

Norristown police officers (Request).[2, 3]  *See* Trial Court's Pa.R.A.P. 1925(a) Opinion dated April 21, 2021 (Trial Court Opinion) at 1.  Norristown denied the

---

[2] Specifically, McFalls requested:

1. A copy of any internal notes or memoranda by jail staff documenting my conduct and/or the actions of the officers during my incarceration.

2. All policies related to the investigation of traffic accidents.

3. All policies requiring officers to follow guidelines regarding witness interviews.

4. A copy of training materials, [] policies[ and] requirements during a [driving under the influence (DUI)] arrest.

5. A complete record of all radio traffic before, during and immediately after my arrest.

6. A copy of relevant policies related to the use of force.

7. A list of use of force reporting requirements.

8. A copy of relevant policies related to custody and care of prisoners.

9. A copy of relevant policies related to restraint procedures for combative prisoners.

10. A copy of certifications and training records for all involved officers.

11. A complete roster of all employees on duty during the assault of myself.

12. A complete list of inmates in custody on the night of my arrest who may have witnessed the events described in my case.

13. A copy of emergency procedures related to inmate mental health issues or distress.

Trial Court's Pa.R.A.P. 1925(a) Opinion dated April 21, 2021 (Trial Court Opinion) at 1-2.

2

Request and McFalls appealed the denial to Pennsylvania's Office of Open Records (OOR). *See* Trial Court Opinion at 2. On August 9, 2019, the OOR issued a Final Determination granting McFalls' appeal in part, denying the appeal in part, and transferring the appeal in part (Final Determination). *See id.* In the Final Determination, the OOR ordered Norristown to produce, within 30 days, responsive documents related to Norristown Police Department policies regarding the custody and care of prisoners and restraint procedures for combative prisoners,[4] certain records relating to the certification and training of officers involved in the March 22, 2018 incident,[5] and documents related to policies and reporting requirements for

---

[3] By way of relevant background, the incident underlying this matter occurred in the early morning hours of March 22, 2018, following McFalls' arrest for driving under the influence of alcohol (DUI), 75 Pa.C.S. § 3802(a)(1). *See Commonwealth v. McFalls*, 251 A.3d 1286, 1288 (Pa. Super. 2021). The incident involved McFalls removing and placing her sweatshirt into a holding cell toilet, thereby causing the toilet to overflow, and then assaulting a responding police officer by spitting in the officer's face. *See id.* at 1288-89. After being charged with aggravated harassment by a prisoner, 18 Pa.C.S. § 2703.1, and institutional vandalism, 18 Pa.C.S. § 3307(a)(3), in addition to the DUI charge, McFalls engaged in discovery in the criminal matter by serving a subpoena on Norristown's police chief, which subpoena was quashed by a criminal judge of the Court of Common Pleas of Montgomery County (criminal trial court) after a hearing. *See id.* at 1289. McFalls also filed a pre-trial discovery motion in the criminal matter, which motion sought the documents, policies, training materials, and guidelines McFalls sought in the Request. *See id.* At a hearing, McFalls alleged the materials sought were relevant in her criminal trial to challenge the credibility of the police officer involved in the March 2018 incident. *See id.* at 1290. The criminal trial court denied McFalls' discovery request as overly broad and immaterial. *See id.* Thereafter, in a bifurcated trial, McFalls was convicted of DUI following a bench trial on July 1, 2019, and of institutional vandalism and aggravated harassment by a prisoner following a jury trial on September 17, 2019. *See id.*

[4] Request Nos. 8 & 9.

[5] Request No. 10.

3

incidents involving use of force.[6] *See id.* at 2-3.[7] Neither McFalls nor Norristown appealed the Final Determination, and Norristown forwarded responsive documents by letter dated September 13, 2019. *See* Trial Court Opinion at 5; Norristown Br. at 6.

McFalls filed the Petition in the trial court on October 15, 2019, seeking an order to compel compliance with the Final Determination, as well as fines and attorney fees, based on McFalls' allegations that, by producing records that were both heavily redacted and late, Norristown failed to comply with the Final Determination. *See* Trial Court Opinion at 3; *see also* Petition at 4-5.[8] Norristown moved for summary judgment on the Petition, arguing that a "petition" was an improper procedural device to seek compliance with an OOR decision and that, if the Petition is construed as an appeal from the OOR decision, it is beyond the 30-day appeal period for appealing such a decision. *See* Trial Court Opinion at 3-4. The trial court granted summary judgment and dismissed the Petition. *See id.* at 3. McFalls now appeals to this Court.[9]

---

[6] Request Nos. 6 & 7.

[7] The OOR also determined that it lacked jurisdiction over Request Nos. 1 & 12, which respectively sought copies of jail staff internal notes/memoranda related to the conduct of McFalls and officers involved in the March 22, 2018 incident, and a complete list of inmates in custody on the night in question who could act as possible witnesses. *See* Trial Court Opinion at 3. By letter dated August 12, 2019, the OOR instructed the Norristown Police Department to turn over responsive documents not related to a criminal investigation, if located. *See id.* Norristown's appeals officer issued a denial letter regarding these Requests on October 21, 2019. *See id.* at 3 n.3.

[8] McFalls did not number the Petition's pages. The Petition page numbers referred to herein coincide with the page numbers supplied by the trial court, which pagination begins with the cover page that accompanied the Petition when filed with the trial court.

[9] McFalls originally appealed to the Superior Court of Pennsylvania, which transferred the matter to this Court.

4

On appeal,[10] McFalls argues that the trial court erred and denied her due process of law by granting the Summary Judgment Motion because Norristown acted in bad faith by providing only highly redacted documents after the date ordered by the OOR.[11] *See generally* McFalls' Br. McFalls alleges that Norristown's failure

[10] Our standard of review of the grant of summary judgment is *de novo* and our scope of review is plenary. *See Pyeritz v. Commonwealth*, 32 A.3d 687, 692 (Pa. 2011). A motion for summary judgment is properly made if "there is no genuine issue of any material fact as to a necessary element of the cause of action." Pa.R.Civ.P. 1035.2(1). "Summary judgment may be entered only when, after examining the record in the light most favorable to the non-moving party, and resolving of all doubts as to the existence of a genuine issue of material fact against the moving party, the moving party is clearly entitled to judgment as a matter of law." *Pyeritz*, 32 A.3d at 692. This Court, in the exercise of our appellate review, may reverse a trial court's order only for abuse of discretion or an error of law. *See Pentlong Corp. v. GLS Cap., Inc.*, 72 A.3d 818, 823 n.6 (Pa. Cmwlth. 2013).

[11] Specifically, McFalls purports to raise the following questions on appeal:

> I. Did the honorable trial court err and abuse its discretion in granting [Norristown's] Motion for Summary Judgment because [Norristown] acted in bad faith and failed to provide all the records, provided only a portion of the records redacted and did not provide them on the date of OOR <u>ordered</u> [Norristown] to do so, and further provided untruthful statements to [McFalls]?
>
> II. Did the honorable trial court err and abuse its discretion in granting [Norristown's] Motion for Summary Judgment and denying [sic] release of the requested records to [McFalls], as the Commonwealth was required to by due process guarantees to abide by the Federal Constitution and the Pennsylvania Constitution, and thus, its Order violates [McFalls'] Federal and State due process guarantees?
>
> III. Did the honorable trial court err and abuse its discretion in granting [Norristown's] Motion for Summary Judgment and denying the award of attorney[] fees to [McFalls] and [imposing] sanctions upon [Norristown]?
>
> IV. Should judgment be reversed and [Norristown] be ordered to relinquish all requested documents in full to [McFalls] and ordered to pay appropriate sanctions and attorney[] fees?

5

to remit the responsive documents within 30 days of the Order resulted in a violation of her due process rights in her criminal trial. *See* McFalls' Br. at 9-11. She seeks reversal of the Order with instructions from this Court requiring Norristown to provide all documents requested in the Request, as well as the imposition of a $1,500 civil penalty and attorney fees in the amount of $8,000. *See id.* at 22.

Initially, we observe, as did the trial court, that where a requester has not appealed a final determination of the OOR to a reviewing court for a merits review, "the appropriate way to compel the production of a local agency's public records is by a complaint in mandamus[,]" as opposed to a petition to enforce. *Capinski v. Upper Pottsgrove Twp.*, 164 A.3d 601, 607 (Pa. Cmwlth. 2017) (holding that a complaint in mandamus, not a petition to enforce, is the proper procedural device to seek compliance with a final determination of the OOR). As this Court has observed,

> an action in mandamus is not available to usurp the jurisdiction of the [OOR] to resolve a dispute about whether a public record is subject to disclosure. It is available, however, once a party's right to the record has been established through a final determination.

*Id.* at 609. A petition to enforce, therefore, is an improper procedural device to compel compliance with OOR final determinations that were not appealed to a reviewing court. Instead, "mandamus is the action to file where the requester has not appealed the final determination to a court for a merits review and seeks compliance with a final determination of the [OOR]." *Id.* This Court, however, may

---

Statement of Questions Involved, McFalls' Br. at 7 (emphasis in original).

treat a petition to enforce as a mandamus action where the petition pleads the essential factual prerequisites of mandamus. *See id.* at 610.

Here, the Petition seeks an order compelling Norristown's compliance with the Final Determination. *See generally* Petition. As such, the Petition is effectively an enforcement petition. The trial court noted, however, that

> [McFalls] did not timely appeal the OOR's Final Determination.[12] As such, an action in mandamus is the proper vehicle for her to have sought enforcement against Norristown. Because [McFalls] commenced the instant matter by way of petition, any request that [the trial] court order Norristown to produce requested documents to [McFalls] is invalid.

Trial Court Opinion at 5. We agree with the trial court that the Petition is the improper procedural vehicle for McFalls to seek an order compelling Norristown to comply with OOR's directives set forth in the Final Determination. *See* Trial Court Opinion at 4-5. Because McFalls did not appeal the Final Determination, she should have filed a complaint in mandamus, not an enforcement petition, to seek compliance with the Final Determination. *See Capinski*, 164 A.3d at 607. We will treat the Petition as a mandamus action for the purposes of this appeal, however, because it pleads the factual prerequisites of mandamus. *See id.* at 609. Nonetheless, we conclude that the Petition fails on the merits.

"Mandamus is an extraordinary writ which will only issue to compel performance of a ministerial act or mandatory duty where there exists a clear legal right in the plaintiff, a corresponding duty in the defendant, and want of any other

---

[12] Section 1302(a) of the RTKL allows 30 days to appeal the final determination of an appeals officer relating to a decision of a local agency. *See* 65 P.S. § 67.1302(a).

7

adequate and appropriate remedy." *Dotterer v. Sch. Dist. of Allentown*, 92 A.3d 875, 880 (Pa. Cmwlth. 2014) (internal quotation marks omitted). "If any one of the foregoing elements is absent, mandamus does not lie." *Id.* at 881.

Here, Norristown forwarded responsive documents as ordered by the OOR by letter dated September 13, 2019. *See* Trial Court Opinion at 5; Norristown Br. at 6. The responsive documents forwarded included "over 200 pages of documents reflecting the policies related to custody and care of prisoners, restraint procedures for combative prisoners, certification records, and a redacted version of the Use of Force policy showing the 'reporting methods for use of force' sections." Norristown Br. at 6. The trial court observed that "Norristown provided [McFalls] with documents in response to her request and the OOR decision[,]" and McFalls does not dispute that Norristown produced responsive documents. Trial Court Opinion at 6. Further, to the extent that she alleges Norristown's failure to serve responsive documents within 30 days of the Order resulted in prejudice in her criminal trial, we note that McFalls has fundamentally conflated the concept of criminal discovery with her rights of access under the RTKL. *See* McFalls' Br. at 9-18. McFalls' insistence that Norristown's behavior in relation to the Request constitutes criminal discovery violations under the Sixth Amendment of the United States Constitution and article 1, section 9 of the Pennsylvania Constitution[13] concern concepts of compulsory criminal discovery not at issue in RTKL matters. Alleged discovery violations in McFalls' criminal matter are to be addressed to and by the criminal trial court and appeals court, and are not appropriate matters for

---

[13] The Sixth Amendment provides that "[i]n all criminal prosecutions, the accused shall enjoy the right . . . to be informed of the nature and cause of the accusation; to be confronted with the witnesses against him; to have compulsory process for obtaining witnesses in his favor...." U.S. Const. amend. VI. Under article 1, section 9 of the Pennsylvania Constitution, the accused has a right "to be heard" and "to be confronted with the witnesses against him." Pa. Const. art. I, § 9.

RTKL litigation. McFalls' failure to grasp the limitations of her rights or Norristown's obligations under the RTKL does not expand those rights or obligations to include an entitlement to discovery devices traditionally employed in other types of litigation. *See Olick v. Easton Suburban Water Auth.* (Pa. Cmwlth., No. 995 C.D. 2020, filed Dec. 3., 2021),[14] slip op. at 10. For these reasons, mandamus does not lie in this matter, and we affirm the Order to the extent the trial court determined Norristown was entitled to summary judgment on this issue.

Additionally, we find no merit in McFalls' claim that she is entitled to $8,000 in attorney fees. To support her claim to attorney fees, McFalls relies on Section 1304(a) of the RTKL, 65 P.S. § 67.1304(a),[15] which allows a trial court to award court costs and attorney fees upon review of an agency appeals officer's final determination. Such a review did not occur in this case, as McFalls did not timely

---

[14] Pursuant to Commonwealth Court Internal Operating Procedure Section 414(a), 210 Pa. Code § 69.414(a), unreported panel decisions of this Court issued after January 15, 2008, may be cited for their persuasive value.

[15] Specifically, Section 1304(a) of the RTKL provides as follows:

> **(a) Reversal of agency determination.--**If a court reverses the final determination of the appeals officer or grants access to a record after a request for access was deemed denied, the court may award reasonable attorney fees and costs of litigation or an appropriate portion thereof to a requester if the court finds either of the following:
>
> > (1) the agency receiving the original request willfully or with wanton disregard deprived the requester of access to a public record subject to access or otherwise acted in bad faith under the provisions of this act; or
> >
> > (2) the exemptions, exclusions or defenses asserted by the agency in its final determination were not based on a reasonable interpretation of law.

65 P.S. § 67.1304(a).

9

appeal the Final Determination to the trial court.  Further, McFalls appeared *pro se* in the instant matter.  "[I]t is well-settled that a *pro se* litigant cannot recover attorney[] fees for the work expended in litigating his or her own case." *Kanofsky v. Tax Rev. Bd.* (Pa. Cmwlth., No. 2740 C.D. 2015, filed Jan. 5, 2017), slip op. at 9 (citing *Westmoreland Cnty. v. Allegheny Cnty.*, 723 A.2d 1084, 1086-87 (Pa. Cmwlth. 1999)).  Additionally, as the trial court noted, the record of this matter contains no evidentiary basis to support McFalls' demanded $8,000 in attorney fees.  *See* Trial Court Opinion at 6 n.6.  In fact, McFalls' brief makes clear that the $8,000 in attorney fees that she seeks relates not to expenditures in the instant RTKL matter, but instead to monies expended for her defense in her criminal case.  *See* McFalls' Br. at 9 ("[McFalls] incurred a total of $8,000 for attorney[] fees in relation to the [criminal] trial and pending appeal based on the absence of these crucial documents.").  Section 1304(a) of the RTKL does not authorize a requester to recoup attorney fees from a separate, independent matter.  For these reasons, we find no error in the trial court's determination that McFalls is not entitled to attorney fees or costs based on Section 1304(a) of the RTKL.

However, McFalls may be entitled to relief regarding her request to impose a civil penalty pursuant to Section 1305(a) of the RTKL, 65 P.S. § 1305(a),[16] which allows the imposition of a civil penalty where an agency denies access to public records in bad faith.  The record in this matter illustrates that Norristown

---

[16] Section 1305(a) of the RTKL provides:

> **(a) Denial of access.--**A court may impose a civil penalty of not more than $1,500 if an agency denied access to a public record in bad faith.

65 P.S. § 67.1305(a).

complied with the Final Determination's directives to produce documents responsive to McFalls' Request Nos. 6, 7, 8, 9 & 10 on September 13, 2019. *See* Petition Exhibit F. In denying McFalls' claim, the trial court determined that McFalls failed to carry her burden to demonstrate bad faith, noting that

> it appears Norristown has provided [McFalls] with documents in response to her request and the [Final Determination]. To the extent [McFalls] alleges Norristown acted in bad faith by producing redacted documents after it was too late for use in her criminal case, she has not demonstrated whether the records would have been admissible at her trial or their relevance to a defense against the charges.

Trial Court Opinion at 6.

The trial court's reasoning misses the mark. The trial court bases its determination of whether a penalty should be imposed based on McFalls' motivation for making her RTKL request, giving weight to the fact that McFalls did not demonstrate that she was harmed. However, the appropriate inquiry in a determination of bad faith for the purposes of imposing a penalty under Section 1305(a) of the RTKL is not on the motivation of the requester in requesting documents, but on the actions and behavior of the agency to which the request is made. To that end, while we acknowledge that the imposition of sanctions under Section 1305(a) of the RTKL requires evidence of bad faith and that the burden of proving an agency's bad faith is on the requester, we observe that "[e]vidence of an agency's failure to perform its mandatory duties[] may suffice." *Uniontown Newspapers, Inc. v. Dep't of Corr.*, 185 A.3d 1161, 1170-71 (Pa. Cmwlth. 2018), *aff'd*, 243 A.3d 19 (Pa. 2020). This Court has found that failure to disclose responsive documents within the time allotted by an OOR order requiring disclosure

11

represents a violation of such order that evinces a lack of good faith. *See id.* at 1174. While Norristown ultimately complied with the Final Determination's directives to produce documents responsive to McFalls' Request Nos. 6, 7, 8, 9 & 10, the record illustrates that Norristown – in the absence of an appeal of the Final Determination – did not mail the documents until September 13, 2019, which was several days after the expiration of the 30 days the OOR allowed for such production. *See* Final Determination at 15; Norristown Br. at 6. Norristown provided no excuse for this delay. *See* Norristown Br. at 6. Whether the documents McFalls requested would have been admissible at her criminal trial or relevant to her defense against the charges is of no moment. Regardless of the reasons underlying McFalls' request for the documents, Norristown's unexcused failure to produce records until *after* the expiration of the Final Determination's ordered 30 days for production of responsive documents represents a disregard for the OOR's order that may constitute bad faith worthy of sanction under Section 1305(a) of the RTKL, 65 P.S. § 67.1305(a). *See Uniontown Newspapers*, 185 A.3d at 1174. Further, we observe that an *in camera* review may be appropriate to determine whether Norristown's redactions to the produced documents were unauthorized and in bad faith for the purpose of imposing a civil penalty pursuant to Section 1305(a) of the RTKL, 65 P.S. § 67.1305(a). Therefore, we vacate the Order to the extent it granted Norristown's requested summary judgment regarding McFalls' request to impose a civil penalty pursuant to Section 1305(a) of the RTKL and remand the matter for determination of whether such a penalty is warranted in consideration of Norristown's conduct, as opposed to McFalls' purported motivation in making the request.[17]

---

[17] We note that Section 1305(a) of the RTKL permits, but does not require, the imposition of a fine up to $1,500. *See* 65 P.S. § 67.1305(a). We express no opinion on the appropriate fine amount, if any, under these circumstances, and instead leave such a determination to the sound discretion of the trial court.

12

For these reasons, we affirm the Order in part, vacate the Order in part, and remand the matter to the trial court for further proceedings consistent with this opinion.

_____
CHRISTINE FIZZANO CANNON, Judge

13

IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Amy McFalls,              :
            Appellant        :
                              :
       v.                     :
                              :   No. 737 C.D. 2021
Municipality of Norristown     :

## O R D E R

AND NOW, this 17th day of May, 2022, the January 27, 2021 order (Order) of the Court of Common Pleas of Montgomery County (trial court) is AFFIRMED to the extent that it denied further forwarding of records and denied Amy McFalls' (McFalls) request for attorney fees pursuant to Section 1304 of the Right-to-Know Law (RTKL), 65 P.S. § 67.1304(a). The Order is VACATED to the extent that it denied McFalls' request to impose a civil penalty pursuant to Section 1305(a) of the RTKL, 65 P.S. § 67.1305(a). The matter is REMANDED to the trial court for the determination of a whether a civil penalty pursuant to Section 1305(a) of the RTKL, 65 P.S. § 67.1305(a), is warranted and the amount thereof, if appropriate.

Jurisdiction relinquished.

 

 

_____
CHRISTINE FIZZANO CANNON, Judge