IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Jose Antonio Cruz, : 
             Appellant : 
              : 
     v. : No. 244 C.D. 2022
              : 
Pottsville Police Department : Submitted: April 21, 2023

BEFORE:    HONORABLE PATRICIA A. McCULLOUGH, Judge
              HONORABLE ELLEN CEISLER, Judge
              HONORABLE BONNIE BRIGANCE LEADBETTER, Senior Judge

<u>OPINION NOT REPORTED</u>

MEMORANDUM OPINION BY
JUDGE CEISLER                             FILED: September 18, 2023

Jose Antonio Cruz (Requester) appeals, *pro se*, from the March 10, 2022 Order of the Court of Common Pleas of Schuylkill County (Trial Court) denying Requester's Petition for Review and denying his Application for Special Relief, and Amended Application for Special Relief (together, Applications for Special Relief). Requester argues that the Trial Court erred in denying the Petition for Review and dismissing the Applications for Special Relief, which he filed in an effort to enforce a June 11, 2020 Final Determination by the Office of Open Records (OOR) ordering the Pottsville Police Department (Department) to release records to Requester pursuant to the Right-to-Know Law (RTKL).[1]  After review, we affirm in part, reverse in part, and remand this matter to the Trial Court for further proceedings consistent with this Opinion.

---

[1] Act of February 14, 2008, P.L. 6, 65 P.S. §§ 67.101-67.3104.

# I. Background

Requester is an inmate at the State Correctional Institution at Waymart. On April 2, 2020, Requester submitted a RTKL request to the Department, seeking a copy of the Department's use-of-force policy. Original Record (O.R.), Item No. 8, Order, 3/10/2022, at 1-2. The request was deemed denied on April 9, 2020, when five business days passed without a response from the Department.[2] *Id.* at 2.

On April 30, 2020, Requester filed an appeal of the deemed denial with OOR. *Id.* OOR directed both parties to supplement the record and, without any response from the Department, ordered the release all responsive documents in a June 11, 2020 Final Determination. *See* Requester's Br., App. F. In its Final Determination, OOR explained that the Department had failed to comply with the RTKL through its refusal to respond to the request and to release the responsive records. *Id.* OOR also noted that, within 30 days of the date of its Final Determination, or by July 11, 2020, either party could "appeal or [submit a] petition for review to the [Trial Court]." *Id.* (citing Section 1302(a) of the RTKL, 65 P.S. § 67.1302(a)).

Still without a response from the Department, on August 11, 2020, Requester filed in this Court his Petition for Review, which bore the heading, "Application to Enforce Order of Appellate Court Pursuant to Pa.R.A.P. 2591(b)."[3] *See* O.R., Item No. 1, Docket Entry No. 1 (Petition for Review). Therein, Requester noted OOR's Final Determination and the Department's ongoing failure to comply with it before

---

[2] Section 901 of the RTKL provides that the time for response "shall not exceed five business days from the date the written request is received by the open-records officer for an agency. If the agency fails to send the response within five business days of receipt of the written request for access, the written request for access shall be deemed denied." 65 P.S. § 67.901.

[3] Pennsylvania Rule of Appellate Procedure 2591(b) provides that at "any time, upon its own motion or upon application, an appellate court may issue any appropriate order requiring obedience to or otherwise enforcing its judgment or other order." Pa.R.A.P. 2591(b).

the July 11, 2020 deadline. *Id.* ¶¶ 2-3. Requester alleged that the Department's conduct constituted "bad faith" and requested the imposition of civil penalties pursuant to Section 1305(a) of the RTKL, 65 P.S. § 67.1305(a).[4] Finally, Requester argued that, as he had brought an enforcement proceeding, this Court had appellate jurisdiction over the matter. *Id.* ¶ 7. In an August 27, 2020 Order, we stated that the filing was to be "treated as a petition for review addressed to this Court's original jurisdiction," pursuant to 42 Pa. C.S. § 761 and Pa.R.A.P. 1502.[5] *Cruz v. Pottsville Police Dep't* (Pa. Cmwlth., No. 478 M.D. 2020, filed Aug. 27, 2020) (Order, 8/27/20).

On June 21, 2021, Requester filed with this Court his first Application for Special Relief, seeking an order to release the requested records within 10 days, as well as fines and damages, pursuant to Pa.R.A.P. 1532(a).[6] On July 29, 2021, we transferred the matter to the Trial Court for disposition. *See Jose Antonio Cruz v. Pottsville Police Dep't* (Pa. Cmwlth., No. 478 M.D. 2020, filed July 29, 2021) (Order, 7/29/21). In our transfer order, we explained that "the method for enforcement of a final determination regarding a record requested from a *local* agency is properly brought in the court of common pleas." *Id.* (emphasis added). On October 7, 2021, Requester filed with the Trial Court his Amended Application

---

[4] Section 1305(a) of the RTKL authorizes a court to impose "a civil penalty of not more than $1,500 if an agency denied access to a public record in bad faith." 65 P.S. § 67.1305(a).

[5] Pa.R.A.P. 1502 provides that the "appeal and the original jurisdiction actions of equity, replevin, mandamus, and *quo warranto*, the action for a declaratory judgment, and the writs of certiorari and prohibition are replaced by the petition for review."

[6] Pa.R.A.P. 1532(a) provides that, at "any time after the filing of a petition for review, the court may, on application, order the seizure of property, dispose of seized property, issue a preliminary or special injunction, appoint a temporary receiver, or grant other interim or special relief required in the interest of justice and consistent with the usages and principles of law."

3

for Special Relief, which essentially repeated the arguments in his first Application for Special Relief. *See* O.R., Item No. 4.

The Trial Court held an evidentiary hearing on January 26, 2022. *See* Suppl. R., Hr'g Tr., 1/26/2022. Department Chief Richard Wojciechowsky testified that the Department drafted a written response to the request in consultation with the Schuylkill County District Attorney. *Id.* at 9. However, Chief Wojciechowsky explained, the response was never sent out due to the incompetence of the Department's former RTKL officer, whose employment was terminated "with cause" sometime in 2021. *Id.* at 9. According to Chief Wojciechowsky, the Department's new RTKL officer conducted an "extensive" search for responsive records before the hearing. *Id.* When asked if the Department was willing to comply with OOR's Final Determination, Chief Wojciechowsky testified that most of the requested records fell under the RTKL's public safety exemption, 65 P.S. § 67.708(b)(2).[7] *Id.* at 10-11. However, he testified that the Department was willing to release redacted portions of the policy. *Id.* at 12-13.

Requester also testified on his own behalf, maintaining that the Department received correspondence related to the case via certified mail. *Id.* at 5-6. In support of his request for penalties, Requester reiterated that the Department failed to respond not only to his initial request, but also to OOR's Final Determination. *Id.*

---

[7] Section 708(b)(2) of the RTKL provides that the following is "exempt from access by a requester":

> A record maintained by an agency in connection with the military, homeland security, national defense, law enforcement or other public safety activity that, if disclosed, would be reasonably likely to jeopardize or threaten public safety or preparedness or public protection activity or a record that is designated classified by an appropriate Federal or State military authority.

65 P.S. § 67.708(b)(2).

at 6. Finally, Requester testified that there was no evidence that the Department had "even bothered to investigate to see if the records exist." *Id.* at 7.

In its March 10, 2022 Order, the Trial Court denied the Petition for Review and dismissed the Applications for Special Relief. *Id.* at 15-16. The Trial Court opined that it was bound, by this Court's August 27, 2020 Order, to treat the Petition for Review as if it had been filed pursuant to Section 1302(a) of the RTKL, 65 P.S. § 67.1302(a).[8] *Id.* at 12. Thus, the Trial Court concluded that the Petition for Review was not timely filed within Section 1302(a)'s 30-day limitation period. *Id.* at 12-13.

The Trial Court further explained that, if Requester sought enforcement of OOR's Final Determination, he should have instead filed a complaint in mandamus pursuant to this Court's decision in *Capinski v. Upper Pottsgrove Township*, 164 A.3d 601, 609 (Pa. Cmwlth. 2017), which held that "mandamus is the action to file where the requester has not appealed the final determination to a court for a merits review and seeks compliance with a final determination of" OOR. While the Trial Court conceded that the Applications for Special Relief "could be construed as sounding in mandamus," they must also be dismissed as untimely, as mandamus actions are subject to a six-month limitation period under 42 Pa. C.S. § 5522(b)(1).[9]

---

[8] Section 1302(a) of the RTKL provides:

> Within 30 days of the mailing date of the final determination of the appeals officer relating to a decision of a local agency issued under section 1101(b) or of the date a request for access is deemed denied, a requester or local agency may file a petition for review or other document as required by rule of court with the court of common pleas for the county where the local agency is located.

65 P.S. § 67.1302(a).

[9] Section 5522(b)(1) of the Judicial Code provides that an "action against any officer of any government unit for anything done in the execution of his office, except an action subject to **(Footnote continued on next page…)**

5

Because the Trial Court dismissed the Petition for Review and Applications for Special Relief on jurisdictional grounds, it did not consider whether any statutory exemptions applied. Trial Ct. Op., 3/10/22, at 13. This appeal followed.[10]

## II. Issues

On appeal, Requester argues that the Department is precluded from disputing OOR's June 11, 2020 Final Determination on the merits because the Department never issued a timely response. Requester further argues that his Petition for Review satisfies the requirements for a writ of mandamus and should have been treated as such by the Trial Court.

## III. Discussion

### A. Requester's Petition for Review

Under the RTKL, the records of a government agency "are presumed to be public records, accessible for inspection and copying by anyone requesting them, and must be made available to a requester unless they fall within specific, enumerated [exemptions] or are privileged." *Bowling v. Off. of Open Recs.*, 75 A.3d 453, 457 (Pa. 2013). Pennsylvania Rule of Appellate Procedure 3761(b)(1) provides that a RTKL requester who seeks to enforce a final determination by OOR regarding records of a Commonwealth agency, a legislative agency, or a judicial agency, may initiate proceedings in this Court by filing a petition to enforce. Pa.R.A.P.

---

another limitation specified in this subchapter" must be commenced "within six months." 42 Pa. C.S. § 5522(b)(1).

[10] Our standard of review from a decision of a trial court in a case under the RTKL is limited to determining whether findings of fact are supported by competent evidence or whether the trial court committed an error of law or an abuse of discretion in reaching its decision. *Kaplin v. Lower Merion Twp.*, 19 A.3d 1209, 1213 n.6 (Pa. Cmwlth. 2011). The scope of our review is plenary. *Allegheny Cty. Dep't of Admin. Servs. v. A Second Chance, Inc.*, 13 A.3d 1025, 1029 n.3 (Pa. Cmwlth. 2011).

3761(b)(1). However, neither our Rules of Appellate Procedure nor the RTKL itself provides a remedy for a requester who seeks enforcement against a *local* agency, such as in this case. In the absence of a statutory remedy, this Court has held that the proper vehicle to seek enforcement against a local agency is an action in mandamus. *Capinski*, 164 A.3d at 609.

In *Capinski*, a requester sought a municipality's compliance with an OOR final determination through a "Petition to Enforce the Office of [OOR's] Determinations" in the court of common pleas. *Id.* at 603. The requester explained that he filed the petition pursuant to Section 1302(a) of the RTKL, which provides that, within 30 days of a final determination by OOR relating to a local agency, "a requester or local agency may file a petition for review or other document as required by rule of court with the court of common pleas for the county where the local agency is located." 65 P.S. § 67.1302(a). The township asserted that the common pleas court lacked jurisdiction, reasoning that Section 1302(a) did not authorize an action directing enforcement of an OOR determination, and that, even if it did, the requester failed to initiate the action within the required 30-day period under the RTKL. *Id.* at 605. We disagreed, explaining that mandamus is appropriate when there is a mandatory duty of a government agency, "a clear legal right in the plaintiff[,] and a lack of any other adequate and appropriate remedy at law." *Id.* at 606. Since the requester's petition to enforce pled "the essential factual prerequisites of mandamus," we held that the petition should have been treated as a mandamus petition. *Id.* at 610. Furthermore, we held that the petition was not untimely, because it was initiated well within the six-month limitation for actions sounding in mandamus. *Id.* (citing 42 Pa.C.S. § 5522(b)(1)).

7

Both parties in the instant matter cite *Capinski* in support of their respective positions. Requester argues that the facts in this case are "almost identical to [those] presented to this Court in *Capinski*" in that there is a "mandatory and ministerial duty" upon the Department, a "clear right" to the requested records, and a lack of any other adequate remedy. Requester's Br. at 17. Furthermore, as the Petition for Review was filed just two months after OOR issued its Final Determination, Requester argues that it was not untimely. Thus, Requester argues that the Trial Court should have treated his Petition for Review as an action in mandamus pursuant to *Capinski*. *Id.* at 18.

The Department, on the other hand, contends that *Capinski* is distinguishable. In its view, the Petition for Review cannot function as a mandamus action, because this Court already ruled that it is to be treated as a Petition for Review under Section 1302(a) of the RTKL. Department's Br. at 9-10. Since Requester filed the Petition for Review 57 days after OOR's Final Determination, the Department maintains that it must be dismissed as untimely. *Id.* at 13. The Department further argues that, even if the Applications for Special Relief could be construed as initiating mandamus actions, they too must be dismissed as untimely, as Requester did not file the first Application for Special Relief until June 21, 2021, well beyond the six-month limitations period. *Id.* at 13-14.

We agree with Requester that, like the requester's petition in *Capinski*, his Petition for Review satisfies the requirements for an action in mandamus. Under the RTKL, Requester holds "a legislatively granted and judicially enforceable right to secure information from the hands of government." *Off. of the Dist. Att'y of Phila. v. Bagwell*, 155 A.3d 1119, 1139 (Pa. Cmwlth. 2017). The Department has a corresponding "mandatory duty under the RTKL to provide requesters access to

8

public records within [its] custody and control." *Id.* at 1141. Finally, as we explained in *Capinski*, there is no other remedy at law for requesters who seek enforcement of an unappealed OOR determination against a local agency. *See Capinski*, 164 A.3d at 606 (noting that such a requester "lacks another adequate and appropriate remedy because the [RTKL] does not provide one").

We conclude that both the Department and the Trial Court misconstrued the directive in our August 27, 2020 Order. As noted previously, our Order cited 42 Pa.C.S. § 761, which concerns the scope of this Court's original jurisdiction, as well as Pa.R.A.P. 1502, which provides that several common law actions, *including mandamus actions*, "are replaced by the petition for review." Order, 8/27/2020. Contrary to the Department's arguments and the Trial Court's conclusion, we did not state that the document was to be treated as the type of "Petition for Review" contemplated by Section 1302(a) of the RTKL.

While we acknowledge that some confusion may have inevitably resulted from the Petition for Review's improvident filing in this Court and subsequent transfer to the Trial Court, we conclude that Section 1302(a) of the RTKL was an improper basis for denying the relief sought by Requester. By its plain language, Section 1302(a) only authorizes review of an OOR final determination *on its merits*, which would make no sense for Requester, as the prevailing party, to seek. Requester only seeks *enforcement* of the Final Determination, a subject on which Section 1302(a) is silent. *See Capinski*, 164 A.3d at 605 (explaining that "Section 1302(a) says nothing about the enforcement of a final determination"). Under the Department's and the Trial Court's reasoning, Requester would have been required to seek enforcement within the same 30-day period during which the Department could appeal from OOR's Final Determination. We specifically rejected that

9

interpretation of Section 1302(a) in *Capinski*, explaining that "it would be absurd to require the commencement of an enforcement proceeding before completion of the 30-day appeal period." *Id.* at 606.

Because Requester only sought enforcement of the unappealed Final Determination, any objection the Department may have had to OOR's decision on the merits was not properly before the Trial Court. *See Uniontown Newspapers, Inc. v. Pa. Dep't of Corr.*, 151 A.3d 1196, 1202 (Pa. Cmwlth. 2016) (explaining that the "failure to appeal agency order foreclosed any attack on its content or validity" in enforcement proceedings) (citing *Commonwealth v. Derry Twp., Westmoreland Cnty.*, 351 A.2d 606, 610 (Pa. 1976)). This Court "consistently requires agencies to raise and defend all applicable exemptions before the initial fact-finder." *Pa. Dep't of Educ. v. Bagwell*, 131 A.3d 638, 654 (Pa. Cmwlth. 2015). Thus, the Department lost the opportunity to assert its exemptions when it failed to issue a timely response to OOR's Final Determination. We therefore conclude that the Trial Court erred in denying Requester's Petition for Review pursuant to Section 1302(a) of the RTKL. The Petition for Review should, rather, have been treated as a mandamus action pursuant to our holding in *Capinski*.

**B. Request for Penalties**

Next, we address Requester's argument for civil penalties, which the Trial Court, ruling on jurisdictional grounds, did not reach. Section 1305(a) of the RTKL provides that a "court may impose a civil penalty of not more than $1,500 if an agency denied access to a public record in bad faith." 65 P.S. § 67.1305(a). Further inaction following a court order to provide public records may subject the offending agency to an additional penalty of up to $500 per day "until the public records are provided." Section 1305(b) of the RTKL, 65 P.S. § 67.1305(b). The requester must

present evidence of bad faith to justify the imposition of costs or penalties. *Drack v. Tanner*, 172 A.3d 114, 121 (Pa. Cmwlth. 2017).

In the context of the RTKL, "bad faith" does not require a showing of fraud or corruption. *Uniontown Newspapers, Inc. v. Pa. Dep't of Corr.*, 185 A.3d 1161, 1170 (Pa. Cmwlth. 2018). Rather, the lack of good-faith compliance with the RTKL and an abnegation of an agency's mandatory duties are sufficient for a showing of bad faith. *Id.*; *see also Off. of the Dist. Att'y of Phila. v. Bagwell*, 155 A.3d at 1141 (explaining that "the focus in Section 1305 of the RTKL is not on the mental state of the actor but the actions taken by the agency"). When an agency fails to perform a search of its records under the RTKL until the matter is in litigation, the agency has denied access in willful disregard of the public's right to public records. *Uniontown Newspapers*, 185 A.3d at 1170; *see also Chambersburg Area Sch. Dist. v. Dorsey*, 97 A.3d 1281, 1292 (Pa. Cmwlth. 2014) (noting that penalties may be warranted where an agency provides responsive records "not as a result of complying with any duties of disclosure under the RTKL, but as a result of compliance with discovery requests in civil litigation").

Instantly, Requester argued before the Trial Court that penalties were warranted because the Department never responded to his request, never answered service of OOR's Final Determination, and never "even bothered to investigate to see if the records exist." Hr'g Tr., 1/26/2022, at 7. On appeal, Requester maintains that the Trial Court "abused its discretion by failing to grant [his] application" for penalties. Requester's Br. at 15. Although the Trial Court did not reach the question of whether penalties were warranted, it briefly discussed the Department's defenses to Requester's allegations of bad faith. Specifically, the Trial Court found that Chief Wojciechowsky "testified credibly" that the Department "has undertaken efforts to

11

locate and review" the requested records. *See* Trial Ct. Op., 3/10/22, at 8. In addition, the Trial Court approvingly noted Chief Wojciechowsky's "willingness to comply" by providing a redacted copy of those records. *Id.*

Because the Trial Court's denial of relief on jurisdictional grounds prevented a full assessment of whether penalties were warranted, we remand to the Trial Court to settle that question. In so doing, we emphasize that such details as the dilatory conduct of the Department's former RTK Officer, or Chief Wojciechowsky's belated offer of a redacted copy of the requested records, made only in response to subsequent litigation, are not defenses to a charge of bad faith. Thus, we remind the Trial Court to apply the correct legal standard, which instructs that courts focus not on "the mental state of the actor" but simply on the actions taken, and not taken, by the agency. *Off. of the Dist. Att'y of Phila. v. Bagwell*, 155 A.3d at 1141.

## IV. Conclusion

We conclude that Requester's Petition for Review, though imperfect, satisfies the technical requirements of a mandamus action. Therefore, we reverse the portion of the Trial Court's Order that denied the Petition for Review and direct the Department to disclose the responsive records, as previously ordered by OOR. We affirm the Trial Court's denial of the Applications for Special Relief, which are now moot. Finally, we remand to the Trial Court to determine whether civil penalties should be assessed against the Department, and if so, their proper amount.

_____
ELLEN CEISLER, Judge

12

## IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Jose Antonio Cruz,        :
           Appellant       :
                        :
      v.                  :    No. 244 C.D. 2022
                        :
Pottsville Police Department    :

### O R D E R

AND NOW, this 18th day of September, 2023, it is hereby ORDERED as follows:

1. The Court of Common Pleas of Schuylkill County's (Trial Court) Order, dated March 10, 2022, is REVERSED with regard to its denial of Jose Antonio Cruz's (Requester) Application to Enforce Order of Appellate Court Pursuant to Pa.R.A.P. 2591(b). We AFFIRM the portion of the Trial Court's Order that dismissed Requester's Application for Special Relief and Amended Application for Special Relief.

2. The Pottsville Police Department (Department) is ORDERED to disclose any and all responsive records as previously directed by the Office of Open Records in its June 11, 2020 Final Determination regarding Requester's request for records pursuant to the Right-to-Know Law (RTKL).[1] The Department shall disclose said records to Requester within 20 days from the date of this Order. Failure to comply with this Order may subject the Pottsville Police Department to penalties of up to $500 per day pursuant to Section 1305(b) of the RTKL, 65 P.S. § 67.1305(b), as deemed appropriate by this Court.

3. We REMAND this matter to the Trial Court to determine whether civil penalties are warranted for the Department's failure to fulfill its mandatory duties

---

[1] Act of February 14, 2008, P.L. 6, 65 P.S. §§ 67.101-67.3104.

under Section 1305(a) of the RTKL, 65 P.S. § 67.1305(a). The Trial Court is directed to apply the proper legal standard as explained in the foregoing Opinion.

Jurisdiction relinquished.

_____
ELLEN CEISLER, Judge