479 A.2d 619

**Joseph CASEL and Betty Casel, Individual Citizens, Appellants,**

**v.**

**Clinton SCOTT, Conewango Township Supervisor, Robert Follett, Conewango Township Supervisor, Russell H. Jackson, Conewango Township Supervisor, William A. Bevevino, Esq., Conewango Township Solicitor, Richard E. Hegerty, Conewango Township Police Chief, Richard A. Hernan, District Attorney of Warren County, and the Township of Conewango.**

Superior Court of Pennsylvania.

Argued May 17, 1984.

Filed Aug. 3, 1984.

Marsha A. Meadows, Warren, for appellants.

Charles J. Duke, Bradford, for appellees.

Before CAVANAUGH, POPOVICH and HESTER, JJ.

HESTER, Judge:

This is an appeal from the Order of June 2, 1982, entered by the Court of Common Pleas of Warren County, granting counsel fees, costs and expenses to selective appellees.

Appellants instituted an action in Mandamus against the Conewango Township Supervisors, the Chief of Police, the Township Solicitor, and the District Attorney. The Writ was based on violations of a township ordinance which prohibited the drilling and operation of oil and gas wells within 200 feet of a residence or a place of public assembly without first obtaining a permit. A well had been drilled within 100 feet of appellants' building and was in continuous operation. Appellants commenced the Writ of Mandamus to compel the officials to take action to prevent continued violation of the ordinance.

The court dismissed appellants' action as to the three Supervisors, the Solicitor, and the Chief of Police, holding that the ordinance did not create a specific legal right in appellants nor a corresponding duty in the aforementioned officials to cause complete cessation of an oil and/or gas well operation. The District Attorney was held not to be under a duty pursuant to the ordinance and was entitled to use reasonable discretion in taking any action. On March 16, 1982, the court dismissed the Writ of Mandamus. No appeal was perfected from that decision.

Appellees herein then filed a petition for counsel fees, costs and expenses pursuant to 42 Pa.C.S.A. § 2503(7), (9), averring that appellants acted arbitrarily and/or vexatiously in commencing the action. Appellants filed a similar action against one of the appellees, the District Attorney, for issuing a subpoena in bad faith against their counsel.

The court denied relief to appellants and supervisor-appellees. However, the court did award counsel fees, costs and expenses selectively to the appellee District Attorney, appellee Solicitor, and appellee Chief of Police, finding appellants' action in Mandamus to be arbitrary or vexatious. It is from that order that appellants appeal.

Appellants first assignment of error is that the lower court abused its discretion in awarding counsel fees selectively to appellees. We agree.

For such an award of counsel fees to lie, the course pursued by such party must be said to be "arbitrary ... obdurate or vexatious." 42 Pa.C.S.A. § 2503(7), (9). The lower court found that appellants acted out of "frustration" at being denied redress, and it thereafter equated frustration with the above statutory definition.

This Court has recently accepted the definition of arbitrary as being "based on random ... selection other than reason," and of vexatious as being "instituted without sufficient grounds and serving only to cause annoyance." *In Re Estate of Roos*, 305 Pa.Super. 86, 94–5 n. 2, 451 A.2d 255, 259 n. 2 (1982), *quoting Santoro v. City of Philadelphia*, 59 Pa.Cmwlth. 114, 122, 429 A.2d 113, 117 (1981), *quoting* The Webster New Encyclopedia International Dictionary, 1975.

■ A well was operating within 100 feet of appellants' building in violation of the provisions of the ordinance. Due to the fact that the action in Mandamus was instituted as a result of non-enforcement of the ordinance in an effort to terminate a violation, we conclude the action cannot be described as arbitrary or vexatious. The lower court correctly found that appellants acted out of frustration; however, frustration based on inaction by public officials is very often the impetus for an action in Mandamus. The suit was not arbitrary or vexatious based on our definition of those terms.

We reverse and vacate the Order of June 2, 1982, imposing counsel fees, costs and expenses, upon appellants.

■ Next, appellants sought an award of counsel fees as punitive damages against appellee District Attorney for his alleged bad faith in subpoenaing appellants' counsel. Appellants' counsel pointed to Pa.R.Civ.P. 4011(a) which states "no discovery or inspection shall be permitted which... is

416

sought in bad faith." We do not agree with appellants' position.

This Court has followed the criterion for determining bad faith as established by our Supreme Court in *McNair's Petition,* 324 Pa. 48, 187 A. 498 (1936). Bad faith has been defined as "fraud, dishonesty, or corruption." *In Re Estate of Roos, supra.*

We agree with the trial court that appellee had a legal right to institute depositions since he had been sued in his capacity as District Attorney. Appellants' counsel had not previously requested action by the District Attorney or notified his office of the alleged violations of the ordinance. Appellee, as the District Attorney, had a legal right to the information supplied by the depositions and his actions were not instituted in bad faith for the purpose of intimidation. Appellants' claim was properly dismissed.

■ Finally, appellants seek review of the dismissal of the Writ of Mandamus. No appeal was taken from the denial of the Writ; appellants now pursue this appeal nunc pro tunc. We conclude this issue is not properly before us.

We have held that where there "is no evidence suggesting that appellee delayed filing ... because of any breakdown in the court's operation... the lower court should not have allowed the appeal to be filed nunc pro tunc." *Drozdowski v. Keystone Truck Leasing,* 277 Pa.Super. 55, 59, 419 A.2d 657, 659 (1980).

Appellants' contention that there was "inexplicable behavior on the part of the agents of the Commonwealth demanding an extraordinary remedy," is without merit considering they failed to file a timely appeal. This was not due to any breakdown in the court's operation. Based on the limited circumstances in which these extraordinary appeals are accepted, we can assuredly conclude that such was not the case here.

We affirm the Order of June 2, 1982, except to the extent that it awarded counsel fees, costs and expenses to selective appellees.

Affirmed in part; reversed and vacated in part.