## Commonwealth, Department of Public Welfare v. Ward

*Roger T. Margolis,* for plaintiff.
*George R. Zaiser,* for defendant.

BREENE, *P.J.,* June 25, 1985 — Defendant filed a petition to strike off the judgment and/or suggestion of nonpayment entered against them by the De-

partment of Public Welfare and asked for an award of reasonable counsel fees. We granted the petition.

A hearing on the petition was held on May 28, 1985. D.P.W. filed no answer to the petition, did not appear at the hearing and filed no brief with the court.

By order dated June 25, 1985, we granted the prayer of the petition and awarded reasonable counsel fees to defendants in the sum of $1,788.50. On July 10, 1985, D.P.W. filed exceptions to the order of court dated June 25, 1985, to which was attached a brief. Argument on the exceptions is scheduled before this court on August 29, 1985. On July 22, 1985, D.P.W. filed an appeal to the Superior Court.

Petitioners in this action, Patricia L. Smith, Clyde Hoffman and Helen M. Hoffman, are the record owners of a certain parcel of real estate situated in Canal Township, Venango County, Pa., which is described in a deed from Rickey L. Ward and Linda D. Ward dated August 21, 1975, and recorded September 19, 1975, in the Office of the Recorder of Deeds of Venango County, Pennsylvania, in Deed Book Volume 771, Page 546. At the time of the conveyance by Rickey L. Ward and Linda D. Ward to the petitioners, the Wards were husband and wife and held the premises as tenants by the entireties.

On April 7, 1975, Linda D. Ward had signed a reimbursement agreement with D.P.W. It was not signed by her husband Ricky L. Ward. On July 25, 1975, D.P.W. filed a suggestion of nonpayment which directed the prothonotary "to index this suggestion upon the judgment index against the above-named defendants, heirs and terre tenants." Named as terre tenants were Patricia L. Smith, Clyde Hoffman and Helen M. Hoffman, petitioners herein. On April 7, 1980, the lien of the judgment was revived.

No ill effect resulted until June 13, 1984. At that time, the Cabot Oil and Gas Corporation was prepared to commence drilling for oil and gas on the property owned by petitioners, under an oil and gas lease entered into between Cabot and petitioners. Petitioners were informed by Cabot that they would have to satisfy the judgment indexed at C.D. 471, 1975 and that their royalties would be put in escrow.

Counsel for petitioners informed D.P.W. by letter dated October 29, 1984, that the suggestion of nonpayment had been improperly indexed and that under Pennsylvania law it could not serve to encumber the premises.

Thereafter, numerous attempts were made to persuade D.P.W. to remove the suggestion of nonpayment which had been indexed against petitioners, and which improperly characterized them as terre tenants responsible under the reimbursement agreement signed by Linda D. Ward. D.P.W. consistently refused to make any response to these numerous requests and simply ignored them. As a result, the Cabot Oil and Gas continued to escrow the oil and gas royalties which would have otherwise been paid to petitioners under the oil and gas lease.

In addition to consulting with her attorney, petitioner Patricia L. Smith placed a phone call to the Department of Public Welfare's Bureau of Claims Settlement. She spoke to a Mr. Gary Miller, who informed her that in proceeding against the Department of Public Welfare she had a "conflict of interest," based on the fact that she was employed by the Department of Public Welfare at Polk Center, Venango County, Pa. Mr. Miller told petitioner that if the matter came to the attention of Polk Center,

she would lose her job at that institution. After listening to these threats, Ms. Smith asked Mr. Miller to consider the fact that the judgment indexed against her at C.D. 471, 1975, was improper, according to what her attorney had told her. Mr. Miller's reply was that there was "nothing they could do about it."

The petition to strike off the judgment was filed; subsequently, D.P.W. forwarded an order to enter satisfaction of the judgment and a reassignment of the oil and gas · lease. Unfortunately, the reassignment contained some errors. Counsel for petitioners by letter dated May 10, 1985, requested permission to correct the error or, in the alternative, requested an amended assignment and recording fees in the amount of $15.50. D.P.W. made no reply.

In paragraph 7 of its exceptions, filed July 10, 1985, D.P.W. stated that the assignment had been recorded in compliance with this court's order of June 25, 1985.

There remains the question of counsel fees which as a general rule are not taxable as costs.

However, the Act of July 9, 1976, P.L. 586, 42 Pa. C.S. §2503, provides that the taxable costs shall include counsel fees awarded a participant because the conduct of the other party in commencing the matter or otherwise was arbitrary, vexatious or in bad faith or whose conduct is dilatory, obdurate or vexatious during the pendency of a matter. We conclude that the Commonwealth, having initiated this proceeding and being a participant therein, may be charged with the payment of counsel fees.

D.P.W. commenced this matter by indexing the suggestion of nonpayment against petitioners as terre tenants when it knew or should have known that this was unjustified under Pennsylvania law.

Furthermore, D.P.W. repeatedly refused to rectify its error or respond within a reasonable time to the numerous requests of petitioners and their counsel to do so. Instead of correcting the matter so that petitioners could receive their oil royalty payments, D.P.W. through its agents, servants or employees contented itself with statements such as "there is nothing we can do about it."

D.P.W. commenced this action by filing the suggestion of nonpayment in 1975 at C.D. 471 - 1975. Although this action may have been justified against Linda D. Ward, it was "arbitrary" as to petitioners. There was no justification for designating them as terre tenants.

Summarizing its prior definitions of "arbitrary" and "vexatious," the Superior Court has stated that:

"This Court has recently accepted the definition of arbitrary as being 'based on random . . . selection other than reason,' and of vexatious as being 'instituted without sufficient grounds and serving only to cause annoyance.' " Casel v. Scott, 330 Pa. Super 412; 479 A.2d 619, 620 (1984).

It is apparent from the record that D.P.W. recorded the assignment only after being ordered to do so by order of court dated June 25, 1985.

We conclude that the action of D.P.W. in filing the suggestion of nonpayment as to petitioners as terre tenants was vexatious and its repeated refusal and delay to correct its error was dilatory and vexatious.

For the above reasons, we issued our order of June 25, 1985, directing D.P.W. to execute an assignment of the oil and gas lease and awarded counsel fees.