# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Michael Dobransky,                    :
                    Appellant    :
                              :
     v.    :    No. 1559 C.D. 2024
                              :    SUBMITTED: March 3, 2026
City of Philadelphia and City of    :
Philadelphia Office of the Mayor    :

BEFORE:   HONORABLE PATRICIA A. McCULLOUGH, Judge
                HONORABLE STELLA M. TSAI, Judge
                HONORABLE BONNIE BRIGANCE LEADBETTER, Senior Judge

## OPINION NOT REPORTED

**MEMORANDUM OPINION BY**
**SENIOR JUDGE LEADBETTER**                  **FILED: April 16, 2026**

Requester, Michael Dobransky, appeals the order of the Court of Common Pleas of Philadelphia County granting the motion for judgment on the pleadings of City of Philadelphia and City of Philadelphia Office of the Mayor (together, City) and entering judgment in favor of the City. The trial court found that the City had complied with the Final Determination of the Office of Open Records (OOR) and did not act in bad faith. Therefore the mandamus action was moot. We affirm.

The pertinent facts are as follows. In August 2023, Requester submitted eight requests to the City pursuant to the Right-to-Know Law (RTKL)[1] seeking, generally, "records related to the City's contractual relationship with a third-party

---

[1] Act of February 14, 2008, P.L. 6, 65 P.S. §§ 67.101-67.3104.

vendor, NGP VAN."[2]  Tr. Ct.'s Pa.R.A.P. 1925(a) Op. at 1-2.  After invoking an extension, the City failed to respond by the deadline and therefore the requests were deemed denied.[3]

Requester appealed and OOR invited both parties to supplement the record.  OOR also directed the City to notify any third parties of their ability to participate in the appeal, namely NGP VAN.  In its position statement, the City argued that the responsive records were either publicly available or had already been produced, subject to redaction of personal identification information.[4]  Further, the requests seeking "'all records [of correspondence]' were insufficiently specific pursuant to Section 703 of the RTKL," 65 P.S. § 67.703.  Final Determination at 5. The City also submitted two affidavits in support, including that of Kathleen Lonie, its Director of Administrative Services and Open Records Officer.  Requester argued in his position statement that the City failed to make a good faith effort to locate and provide all responsive records, noting that the City failed to contact NGP VAN for responsive records.

In its November 7, 2023 Final Determination, OOR agreed with the City that Item 3 of Request 1 and Items 2 and 3 of Request 8 were insufficiently specific because they failed to identify the types of records sought or provide a defined timeframe.  Based on Ms. Lonie's affidavit and the record, OOR also found that the City proved that no additional responsive records exist within its possession,

---

[2] NGP VAN developed and licensed "an integrated database and interface software application" to the City.  Reproduced Record (R.R.) at 161a.  As the City explains, it "uses the web-based VAN platform as a Constituent Relationship Management [] system to facilitate outreach to and engagement with City residents."  City's Br. at 5 (citing R.R. at 161a, 170a, 200a).

[3] *See* Section 902(b) of the RTKL, 65 P.S. § 67.902(b).

[4] The City provided Requester with nine NGP VAN invoices and informed him that additional responsive documents were available on the City's "PHL Contracts" website.  City's Br. at 5 (citing R.R. at 23a, 26a-27a, 379a).  Requester did not challenge the City's redactions.

custody, or control. However, responsive records in the possession of third parties are also accessible if the records directly relate to the governmental function the third party is contracted to perform and are not otherwise exempt. *See* Final Determination at 11 [citing Section 506(d)(1) of the RTKL, 65 P.S. § 67.506(d)(1); *Allegheny Cnty. Dep't of Admin. Servs. v. A Second Chance, Inc.*, 13 A.3d 1025, 1039 (Pa. Cmwlth. 2011)]. OOR determined that Requests 3-7 and Item 1 of Request 8 sought records directly related to the governmental function performed by NGP VAN; therefore, OOR directed the City to contact NGP VAN for records responsive to these requests and provide them to Requester within 30 days.

The parties do not dispute that because neither Requester nor the City appealed OOR's Final Determination, it "became final and binding." *Bethke v. City of Phila.*, 343 A.3d 370, 375 (Pa. Cmwlth. 2025) (citations omitted). Nonetheless, the City admittedly failed to provide Requester with any responsive records from NGP VAN within 30 days. On January 4, 2024, Requester instituted his mandamus action seeking an order compelling the City to comply with the Final Determination as well as attorney fees and costs for bad faith. Reproduced Record (R.R.) at 11a-16a.[5] In its answer with new matter,[6] the City maintained that it produced all responsive records as ordered by OOR on January 22, 2024, and provided Requester with a draft affidavit from Ms. Lonie to this effect. R.R. at 124a-28a. The City asserted that Requester's mandamus action was moot because it had since fully complied with the Final Determination. R.R. at 127a-28a.

---

[5] *See* Section 1304(a) of the RTKL, 65 P.S. § 67.1304(a) (pertaining to court costs and attorney fees).

[6] While the City accepted service of the complaint on January 5, 2024, its answer with new matter was not filed until August 27, 2024. R.R. at 35a, 122a.

Notwithstanding the City's assertions, Requester sought to take the depositions of two individuals with purported connections to NGP VAN's records. Both individuals Requester sought to depose were identified in the records the City produced in response to the RTKL requests – the license agreements listed Steve Preston as the City's Authorized and Principal System Administrator (R.R. at 167a), and Amanda Coulombe as NGP VAN's "General Manager, Organizing," (R.R. at 169a). The City opposed the depositions on multiple grounds and explained that because Mr. Preston no longer worked for the City and Ms. Coulombe worked for NGP VAN, the City could not produce them for depositions. The City further noted in its correspondence with Requester: "If you are seeking **the actual data that is in the** [**NGP VAN**] **database**, these RTKL requests haven't asked for it and the City hasn't been ordered to produce it." R.R. at 75a (emphasis added).

The trial court heard oral argument on the discovery dispute in September 2024. Requester argued that the trial court's case management order specifically allowed for discovery and that depositions are permitted in mandamus actions. *See* R.R. at 60a-61a [citing Pa.R.Civ.P. 4011; *Casel v. Scott*, 479 A.2d 619, 620-21 (Pa. 1984)]. Moreover, because the City failed to submit an attestation form with the additional records produced in January 2024, it was unclear whether all of the responsive records had been produced.

The City countered that the depositions were neither necessary nor appropriate because the City produced all of the responsive documents from NGP VAN in January 2024. Because the City had fully complied with the Final Determination, this case was now moot. According to the City, Requester was impermissibly using his mandamus action to "expand the scope of the request[s] to include the databases themselves that were never requested, that aren't referred to in

4

the request[s] or OOR's [Final D]etermination at all." R.R. at 408a. Moreover, whether the databases are encompassed within the scope of the requests and OOR's Final Determination is a legal issue, not one that factual witnesses could answer during depositions.

During argument, the trial court indicated that discovery would not occur "at this time[,]" (R.R. at 417a), and that Requester was "not entitled to anything beyond what the [F]inal [D]etermination sa[id he was] entitled to[,]" (R.R. at 402a). The trial court ultimately granted, in part, Requester's motion to compel and directed the City to produce within 10 days an affidavit attesting that the City had complied with the Final Determination. R.R. at 372a, 418a.

The City subsequently filed a motion for judgment on the pleadings as well as the affidavit of Ms. Lonie,[7] pursuant to the trial court's order. Again, the City argued that the mandamus action was moot because it had fully complied with OOR's Final Determination, and that attorney fees and costs were not warranted because the City did not act in bad faith. The trial court agreed and therefore granted the City's motion, based upon Ms. Lonie's affidavit. R.R. at 484a. The appeal to this Court followed.

Requester contends that the trial court erred in granting the City's motion for judgment on the pleadings for several reasons. First, during argument on the discovery dispute, the City admitted to the existence of the databases Requester seeks. Requester's Br. at 13 (citing R.R. at 411a, 414a). According to Requester, this constitutes an issue of genuine material fact that precludes granting the City's motion, and any doubt as to whether the databases are public records must be resolved in Requester's favor as the non-moving party. *Pa. Builders Ass'n v. Dep't*

_____

[7] *See* R.R. at 373a-82a (Ms. Lonie's affidavit).

5

*of Labor & Indus.*, 284 A.3d 1287, 1294 (Pa. 2008) ("Where there are material issues of fact in dispute, judgment on the pleadings cannot be entered."); *id.* ("[T]he burden is on the moving party to prove the non-existence of any genuine issue of fact[,] and . . . all doubts as to the existence of a genuine issue of a material fact must be resolved against the moving party.") (quotations omitted). While the bulk of Requester's brief concerns the content of the databases, we agree with the City that Requester's argument in this regard misses the mark and improperly attempts to expand the scope of OOR's Final Determination.

In *Capinski v. Upper Pottstown Township*, 164 A.3d 601 (Pa. Cmwlth. 2017), this Court established that, with respect to RTKL requests made to local agencies, "mandamus is the action to file where the requester ha[s] not appealed the final determination to a court for a merits review and seeks compliance with a final determination of [OOR]."[8] 164 A.3d at 609. In doing so, the Court explained that "an action in mandamus is not available to usurp the jurisdiction of [OOR] to resolve a dispute about whether a public record is subject to disclosure. It is available, however, once a party's right to the record has been established through a final determination." *Id.*

Here, the narrow issue before the trial court was whether the City had complied with OOR's Final Determination. That Final Determination specifically found that the City proved that no additional responsive records exist within its possession, custody, or control. OOR granted Requester's appeal *only* with respect to Requests 3-7 and Item 1 of Request 8, directing the City to contact NGP VAN for

---

[8] As the *Capinski* Court explained, "mandamus compels the government's performance of a ministerial and mandatory duty where there is a clear legal right in the plaintiff and a lack of any other adequate and appropriate remedy at law." 164 A.3d at 606 [citing *Del. River Port Auth. v. Thornburgh*, 493 A.2d 1351, 1355 (Pa. 1985)].

records responsive to these requests and to provide them to Requester. While the City does not dispute the existence of the databases Requester now seeks, the contents of the databases are not encompassed within Requests 3-7 or Item 1 of Request 8. Requester's attempt to use this mandamus action to obtain the contents of the databases is inappropriate because there has never been a determination by OOR that the contents are public records subject to disclosure. Stated differently, mandamus is not available regarding the contents of the databases because Requester's "right to the record[s] has" *not* "been established through a final determination." *Capinski*, 164 A.3d at 609. If Requester believed these records were covered by his requests, or that OOR erred in determining that the City proved it did not have any further responsive records in its possession, he should have appealed OOR's Final Determination. Moreover, Requester still has available to him the statutory remedy of submitting a new RTKL request to the City specifically requesting these records.

Next, we must address whether the trial court properly determined that Requester's mandamus action was moot. "In general, a court will not decide a moot question" and there must be an actual case or controversy at every stage of the judicial process. *J.J. M. v. Pa. State Police*, 183 A.3d 1109, 1112 (Pa. Cmwlth. 2018). To that end,

> [t]he existence of a case or controversy requires:
>
> (1) A legal controversy that is real and not hypothetical;
>
> (2) A legal controversy that affects an individual in a concrete manner so as to provide the factual predicate for a reasoned adjudication; and
>
> (3) A legal controversy with sufficiently adverse parties so as to sharpen the issues for judicial resolution.

7

*Cal. Borough v. Rothey*, 185 A.3d 456, 463 (Pa. Cmwlth. 2018) [quoting *Mistich v. Pa. Bd. of Prob. & Parole*, 863 A.2d 116, 119 (Pa. Cmwlth. 2004)]. Notably, "[m]ootness problems arise in cases involving litigants who clearly had one or more justiciable matters at the outset of the litigation, but events or changes in the facts or the law occur which allegedly deprive the litigant of the necessary stake in the outcome after the suit is underway." *Phila. Pub. Sch. Notebook v. Sch. Dist. of Phila.*, 49 A.3d 445, 449 (Pa. Cmwlth. 2012) [citing *Chruby v. Dep't of Corr.*, 4 A.3d 764, 771 (Pa. Cmwlth. 2010)].

Here, because the City admittedly did not timely comply with OOR's Final Determination, there was an actual case or controversy when Requester instituted his mandamus action. Within several weeks of that filing, however, the City produced all of the responsive documents to Requester, including the records from NGP VAN. This Court has consistently held that RTKL appeals, as well as mandamus actions brought to enforce final determinations of OOR, become moot once the agency has fully complied. *See, e.g.*, *Phila. Pub. Sch. Notebook*, 49 A.3d at 449 (holding that RTKL appeal was technically moot once school district provided the requester with responsive documents); *Hahn v. Wilmington Twp. Lawrence Cnty.* (Pa. Cmwlth., No. 1364 C.D. 2022, filed May 17, 2024) (holding appeal in mandamus action was moot because Township had since disclosed all of the requested records).[9]

Requester's main argument against mootness is that the trial court erred in relying on Ms. Lonie's affidavit to establish that the City complied with OOR's

---

[9] Unreported panel decisions of this Court may be cited for their persuasive value pursuant to Rule 126(b)(1) of the Pennsylvania Rules of Appellate Procedure, Pa.R.A.P. 126(b)(1), and Section 414(a) of this Court's Internal Operating Procedures, 210 Pa. Code § 69.414(a).

Final Determination because the affidavit fails to meet the legal standards for a good faith search for responsive records. Requester specifically contends that because Ms. Lonie's affidavit does not "indicate that she retrieved and reviewed the information contained in the databases[,]" she did not conduct a good faith search for responsive records. Requester's Br. at 38. This argument similarly fails because the contents of the databases are beyond what was requested or what the City was directed to do in the Final Determination.

As for the sufficiency of Ms. Lonie's affidavit, this Court has long held that an agency may satisfy its burden of proof through submission of an unsworn attestation or a sworn affidavit. *See, e.g.*, *Uniontown Newspapers, Inc. v. Pa. Dep't of Corr.*, 151 A.3d 1196, 1208 [citing *Hodges v. Dep't of Health*, 29 A.3d 1190 (Pa. Cmwlth. 2011)]. "In the absence of any competent evidence that the agency acted in bad faith or that the agency records exist, 'the averments in [an agency's] affidavits should be accepted as true.'" *Uniontown*, 151 A.3d at 1209 [quoting *Smith Butz, LLC v. Pa. Dep't of Env't Prot.*, 142 A.3d 941, 945 (Pa. Cmwlth. 2016)].

Requester baldly claims that several of the statements in Ms. Lonie's affidavit "are subjective, self-serving, and inappropriate conclusions of law that are completely unsupported by the record before the court." Requester's Br. at 37. As the City correctly points out, the two statements Requester takes issue with appear in a draft, unsigned version of Ms. Lonie's affidavit, not the final affidavit attested to under the penalty of perjury and upon which the trial court relied. *Compare* R.R. at 209a (draft affidavit) *with* R.R. at 373a-82a (final, sworn affidavit). The trial court accepted Ms. Lonie's final affidavit as credible evidence that the City had fully complied with the Final Determination, and we discern no error or abuse of discretion in this regard.

9

Finally, Requester claims that, pursuant to the trial court's case management order, he should have been permitted to conduct discovery into the existence of the databases and related records. It is axiomatic that "[d]iscovery matters[] . . . are within the discretion of the trial court, and we will not reverse absent an abuse of discretion." *Tullytown Borough v. Armstrong*, 129 A.3d 619, 622 (Pa. Cmwlth. 2015) (quotation omitted). We discern no abuse of discretion here given the scope of OOR's Final Determination and Requester's mandamus action.[10]

Accordingly, the order of the trial court is affirmed.

**BONNIE BRIGANCE LEADBETTER,**
President Judge Emerita

---

[10] The only mention of the request for attorney fees and costs for bad faith is found in the very last sentence in the conclusion section of Requester's brief: "Further, it is respectfully submitted that [the City has] acted in bad faith and that [Requester] should be awarded counsel fees and costs." Requester's Br. at 42. Because Requester failed to include this issue in his statement of questions involved or develop this issue in his brief through argument and citations to authority, it has been waived. *See, e.g., Mun. of Mt. Lebanon v. Gillen*, 151 A.3d 722, 727 n.5 (Pa. Cmwlth. 2016) [citing Pa.R.A.P. 2116(a)].

# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Michael Dobransky,            :
            Appellant    :
                         :
        v.              :    No. 1559 C.D. 2024
                         :
City of Philadelphia and City of     :
Philadelphia Office of the Mayor   :

# **O R D E R**

AND NOW, this 16th day of April, 2026, the Order of the Court of Common Pleas of Philadelphia County is hereby AFFIRMED.

 

 

**BONNIE BRIGANCE LEADBETTER,**
President Judge Emerita